UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
(WESTERN DIVISION)

| | |
|---|---|
| ALAA M. ELGAOUNI, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>META FINANCIAL GROUP, INC., J. TYLER HAAHR and DAVID W. LEEDOM,<br><br>Defendants | NO. 5:10-cv-04108-MWB |

**MEMORANDUM IN SUPPORT OF EDEN PARTNERSHIP'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE THE EDEN PARTNERSHIP'S CHOICE OF COUNSEL**

Lead plaintiff movant the Eden Partnership (comprised of Eden Partnerships Management and its individual members Nathanael Dreyfuss, Assaf Nathan, Gad Nathan, and Yaniv Uliel) hereby moves for an order: (a) appointing the Eden Partnership as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA") and (b) approving the Eden Partnership's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel.

**PRELIMINARY STATEMENT**

This is a federal class action on behalf of purchasers of Meta Financial Group, Inc. ("Meta" or the "Company") common stock, seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act"). The Eden Partnership consists of five members with a pre-litigation relationship and losses of $47,566.28.

The first lawsuit filed against defendants, *Thirumalesh Bhat v. Meta Financial Group, Inc., J. Tyler Haahr, David W. Leedom, Bradleey C. Hanson and Troy Moore III*, No. 5:10·cv-

04099-DEO, was filed in this District on October 22, 2010.[1] Proposed Lead Counsel, KSF, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), issued and published the first notice on October 22, 2010 through *Business Wire* that a class action had been initiated against defendants, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than December 21, 2010.  *See* Declaration of Ward A. Rouse ("Rouse Decl.") at Exhibit B.  On November 5, 2010, plaintiff Alaa M. Elgaouni filed the second lawsuit in this district, styled *Alaa M. Elgaouni v. Meta Financial Group, Inc., J. Tyler Haahr and David W. Leedom,* No. 5:10-cv-04108-MWB.  The *Elgaouni* complaint alleges a class period between May 14, 2009 and October 15, 2010, inclusive.

As described in the Certifications and loss chart attached to the Rouse Decl. at Exhibit A, the Eden Partnership has suffered losses of $47,566.28 as a result of its members' purchases of shares of Meta common stock during the proposed Class Period.  To the best of its knowledge, the Eden Partnership has sustained the largest loss of any investor seeking to be appointed as lead plaintiff. In addition to evidencing the largest financial interest in the outcome of this litigation, the Eden Partnership's Certification also demonstrates its intent to serve as lead plaintiff in this litigation, including its cognizance of the duties of serving in that role.  The Eden Partnership fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action, and to oversee counsel.  As a result, the Eden Partnership satisfies both the applicable requirements of the PSLRA, as well as Rule 23 of the Federal Rules of Civil Procedure. The Eden Partnership should thus be accorded the presumption as the "most adequate plaintiff" and, indeed, selected as lead plaintiff and its selection of KSF approved.

---

[1]  The *Bhat* case was voluntarily dismissed without prejudice on December 14, 2010.

**STATEMENT OF FACTS**

This is a federal securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Meta Financial Group, Inc., a holding company, that through its wholly-owned banking subsidiaries (MetaBank, MetaBank West Central, and Meta Trust Company) provides a range of financial services. It generates various deposit products, including statement savings accounts, money market savings accounts, NOW and regular checking accounts, and certificate accounts. The Company's loan portfolio includes one-to four-family residential mortgage loans, commercial and multi-family real estate, agricultural operations and real estate, construction, and consumer and commercial business loans. Meta also issues prepaid cards and consumer credit products, sponsors ATMs into various debit networks and offers other payment industry products and services.

During the Class Period, as alleged in the *Elgaouni* complaint, Meta relied heavily on its Meta Payment Systems ("MPS") division in driving its revenue growth. This highly profitable unit helped the Company to offset losses it was suffering in its traditional banking unit due to substantial increases in its loan loss reserves related to the collapse in the real estate market. MPS's iAdvance program involved making short-term, high-interest payday and tax refund loans to customers with prepaid debit cards.

As alleged in the *Elgaouni* complaint, Defendants made materially false and misleading statements during the Class Period (May 14, 2009 and October 15, 2010, inclusive) in press releases, analyst conference calls, and filings with the Securities and Exchange Commission regarding the Company's business and financial results. Defendants, however, failed to disclose that the Company had engaged in unfair or deceptive acts or practices in violation of Federal Trade Commission ("FTC") laws and Office of Thrift Supervision ("OTS") regulations in


connection with the Company's operation of the iAdvance program. As a result, Meta stock traded at artificially inflated prices during the Class Period, reaching a high of $36.72 per share on August 23, 2010.

On October 12, 2010, Meta announced that it had received a Supervisory Directive issued by the OTS ("OTS Directive") in relation to the iAdvance program. According to the OTS Directive, the MPS division had "engaged in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act and the OTS Advertising Regulation in connection with the Bank's operation of the iAdvance program." The OTS Directive further required MetaBank to terminate "all iAdvance line of credit origination activity by October 13, 2010." The Company admitted that the termination of the iAdvance program could result in the elimination of a substantial portion of its gross profit and could cause a substantial rise in nonpayment of its outstanding iAdvance loans. After this news, Meta's stock collapsed $10.98 per share to close at $22.25 per share on October 13, 2010, a one-day decline of 33%.

On October 18, 2010, Meta further announced that the Company had sought prior written approval from the OTS to enter into new agreements with third parties, but was informed on October 14, 2010 that the OTS was not prepared to allow MetaBank to enter into any new agreements or to amend any of its old agreements. On this news, Meta Financial stock dropped $4.24 per share to close at $14.71 per share on October 18, 2010, a one-day decline of 22% on high volume.

As a result of defendants' materially false and misleading statements and omissions, Meta's common stock traded at artificially inflated prices during the Class Period and the Eden Partnership and the members of the putative Class were harmed thereby.

**ARGUMENT**

**I. THE EDEN PARTNERSHIP SHOULD BE APPOINTED LEAD PLAINTIFF**

    **A.    The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Bhat* action published a notice on *Business Wire* on October 22, 2010 (*See* Rouse Decl., Exh. B).[2] This notice announced that applications for appointment as lead plaintiff had to be made by December 21, 2010. As the PSLRA notes, after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i); *In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8 th Cir. 2003) (noting that the PSLRA requires "the district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders"); *Tice*, 2004 WL 1895180, at *2 (same); *In re Northwestern Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1006 (D.S.D. 2003) (appointing a group

---

[2] Publication in *Business Wire* meets the statutory requirement. *See Mas v. KV Pharmaceutical Co.*, No. 08-1859, 2009 WL 1011506, at *2 (E.D. Mo. Apr. 15, 2009). "The Business Wire has consistently been recognized as a suitable vehicle for meeting the PSLRA's statutory requirement that notice be published 'in a widely circulated national business-oriented publication or wire services.'" *Tice v. Novastar Financial, Inc.*, No. 04-330, 2004 WL 1895180, at *2 (W.D. Mo. Aug 23, 2004) (citation omitted).

of three as lead plaintiff). This involves a two-step process. "First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted." *City of Roseville Employees' Retirement System v. Horizon Lines Inc.,* No. 08-969, 2009 WL 1811067, at *1 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Rochester Laborers Pension Fund v. Monsanto Co.*, No. 10-1380, 2010 WL 4444832, at *1 (E.D. Mo. Oct. 1, 2010) (appointing as lead plaintiff a movant who did not file a complaint).

### B. The Eden Partnership is "The Most Adequate Plaintiff"

#### 1. The Eden Partnership Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Eden Partnership has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on December 21, 2010. Moreover, the Eden Partnership has sustained a substantial loss from its investment in Meta stock and has shown a willingness to represent the Class. Each member of the Eden Partnership has signed a Certification detailing their transaction information during the Class Period. *See* Rouse Decl., Exh. A.

#### 2. The Eden Partnership Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As

demonstrated herein, the Eden Partnership (with losses of $47,566.28) has the largest known financial interest in the relief sought by the Class. *See* Rouse Decl., Exh. A. A movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 … is presumptively entitled to lead plaintiff status." *Maiden v. Merge Technologies, Inc.*, No. 06-349, No. 06-356, No. 06-375, No. 06-431, No. 06-483, No. 06-493, & No. 06-519, 2006 WL 3404777, at *4 (E.D. Wis. 2006) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…")).

### 3. The Eden Partnership Satisfies The Requirements Of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *Mas v. KV Pharmaceutical Co.*, No. 08-1859, 2009 WL 1011506, at *2 (E.D. Mo. Apr. 15, 2009). Only a "preliminary showing" of typicality and adequacy is required at this stage. *Tice*, 2004 WL 1895180, at *5; *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 n.8 (D. Minn. 1998). As detailed below, the Eden Partnership satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as lead plaintiff.

#### i. The Eden Partnership's Claims Are Typical Of The Claims Of All The Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that

gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc.*, No. 08-1411, 2008 WL 5233106, at *2 (E.D. Mo. Dec. 12, 2008).

In this case, the typicality requirement is met because the Eden Partnership's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. The Eden Partnership members purchased Meta securities during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, both the Eden Partnership and the Class Members suffered damages as a result of these purchases. They all: (a) purchased Meta securities during the Class Period; (b) purchased Meta securities at artificially-inflated prices as a result of the material misrepresentations and omissions; and, (c) suffered damages thereby. *See MEMC*, 2008 WL 5233106, at *2 (finding the typicality requirement where "the class consists of those who, like Mr. Patel, purchased MEMC securities during the class period at inflated prices and suffered damages as a result. Mr. Patel satisfies the typicality requirement."); *Northwestern*, 299 F. Supp. 2d at 1007-1008 (finding typicality where it was alleged "that defendants violated the Securities Act and the Exchange Act by publicly disseminating a series of false and misleading statements concerning NorthWestern's business operations and financial condition" and "during the Class Period [the movant purchased the company's stock] at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby."); *see also Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Radian securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

The Eden Partnership thus satisfies the typicality requirement of Fed. R. Civ. P. Rule 23.

### ii. The Eden Partnership Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether: "[a] class counsel is qualified, experienced, and generally able to conduct the litigation; [b] there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and [c] the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy." *MEMC*, 2008 WL 5233106, at *2 (citation omitted); 15 U.S.C. § 78u-4(a)(3)(B).

The Eden Partnership's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, the Eden Partnership has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss it has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Eden Partnership's symbiotic interest with the members of the Class, clearly shows that the Eden Partnership will adequately and vigorously pursue the interests of the Class.

In addition, the Eden Partnership has selected a law firm that is highly experienced in successfully prosecuting securities class actions and other complex, federal litigation. The firm biography of proposed lead counsel, KSF, is attached as Exhibit C to the Rouse Decl.

Therefore, because the Eden Partnership not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23, but also has sustained the largest amount of losses, the Eden Partnership is presumptively the most adequate plaintiff to lead this action.

## II. THE COURT SHOULD APPROVE THE EDEN PARTNERSHIP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he Act is explicit on the lead plaintiff's authority to select and retain counsel[.]" *BankAmerica Corp.*, 350 F.3d at 751; *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) ("the lead plaintiff, not the district court, selects lead counsel"). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

The Eden Partnership has selected KSF to serve as Lead Counsel. The attorneys at KSF have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Rouse Decl., Exh. C. Furthermore, KSF has continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead counsel will provide the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Eden Partnership respectfully requests that the Court: (a) appoint the Eden Partnership to serve as lead plaintiff in this action; (b) approve the Eden Partnership's selection of KSF as Lead Counsel; and, (c) grant such other and further relief as the Court may deem just and proper.

Dated: December 21, 2010                                **BERG, ROUSE, SPAULDING & SCHMIDT, PLC**

_____/s/ Ward A. Rouse_____
WARD A. ROUSE
4940 Pleasant Street

West Des Moines, IA 50266
Telephone: (515) 223-9000
Facsimile: (515) 226-8710
Email: ward.rouse@brsslaw.com

*Local Counsel for Eden Partnership and for the Class*

KIM MILLER
**KAHN SWICK & FOTI, LLC**
500 Fifth Avenue, Suite 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

LEWIS KAHN
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

*Counsel for Eden Partnership and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 21, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered.

                                                                      ___/s/ Ward A. Rouse_____