**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

|  |  |  |
|---|---|---|
| IN RE META FINANCIAL GROUP, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) | Case No. C 10-4108-MWB

Hon. Mark W. Bennett |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S**
**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS**

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 2

II.   FACTUAL AND PROCEDURAL BACKGROUND.......................................... 2

  A.  Procedural and Factual Background ................................................................. 2

  B.  Reasons for Settlement .................................................................................... 2

III.  TERMS OF THE SETTLEMENT ...................................................................... 5

IV.   THE SETTLEMENT MEETS THE JUDICIAL STANDARDS FOR PRELIMINARY
      APPROVAL UNDER RULE 23(e).................................................................... 6

  A.  The Settlement is the Product of Arms-Length Negotiations Among Counsel ................ 7

  B.  The Settlement Falls Within the Range of What is Fair, Reasonable and Adequate.......... 8

    1.  The Merits of the Plaintiff's Case, Weighed Against the Terms of the Settlement
        Support the Preliminary Approval of the Settlement.................................................. 9

    2.  Defendant's Financial Condition ................................................................. 10

    3.  The Complexity and Expense of Further Litigation ..................................... 10

    4.  The Amount of Opposition to the Settlement ............................................. 11

V.    THE SETTLEMENT CLASS SHOULD BE CERTIFIED................................. 11

  A.  The Requirements of Fed. R. Civ. P. 23(a) Are Satisfied................................ 12

    1.  Numerosity.................................................................................................. 12

    2.  Commonality............................................................................................... 13

    3.  Typicality ................................................................................................... 13

    4.  Adequacy of Representation ....................................................................... 14

  B.  The Requirements of Rule 23(b)(3) Are Satisfied......................................... 14

    1.  Common Questions Predominate ............................................................... 15

    2.  A Class Action is Superior to Numerous Individual Actions ...................... 16

  C.  KSF Should Be Appointed Class Counsel under Rule 23(g) .......................... 17

VI.   THE PROPOSED NOTICE TO THE CLASS SATISFIES RULE 23 AND DUE
      PROCESS REQUIREMENTS .......................................................................... 17

VII.  PROPOSED SCHEDULE FOR THE APPROVAL PROCESS ....................... 18

VIII. CONCLUSION.................................................................................................. 19

## I.      INTRODUCTION

Lead Plaintiff, Eden Partnership, respectfully requests preliminary approval of a Settlement with all Defendants for a total cash payment of $2.1 Million dollars pursuant to the terms set forth in the accompanying Stipulation of Settlement ("Stipulation").   The Settlement is an outstanding recovery for the Class which resulted from the vigorous and diligent prosecution of this Action by Lead Plaintiff and its counsel.   The Settlement was reached after well-informed and extensive arms-length negotiations between and among highly experienced counsel and facilitated by mediation with retired District Court Judge Layn R. Phillips. As a result of this process and for the reason detailed below, Lead Plaintiff believes that this settlement is fair, reasonable and adequate and should be preliminarily approved.   Lead Plaintiff also moves the court to (1) certify the class for settlement pursuant to Fed. R. Civ. P 23(a) and 23(b)(3); (2) approve the forms for mailed and published notice of the Settlement; (3) authorize the mailing and publication of these notices; and (4) set a date and time for the fairness hearing with respect to the proposed Settlement and Plan of Allocation.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Procedural and Factual Background

This putative class action was commenced on November 5, 2010, upon the filing of a Class Action Complaint against Meta Financial Group, Inc. ("Meta," or the "Company"), J. Tyler Haahr, David W. Leedom, Bradley C. Hanson, and Troy Moore III (collectively, "Defendants"), alleging violations the Securities Exchange Act of 1934 (the "Exchange Act").[1]

---

[1] Prior to the filing of this Action, a similar lawsuit, *Bhat v. Meta Financial Group Inc., et al*, No. 5:10-cv-04099-DEO, was filed by against Defendants in this District on October 22, 2010.  That action was voluntarily dismissed on December 14, 2010.  Kahn Swick & Foti, LLC filed the original complaint in that action and serves as Lead Counsel in this Action.

The Class includes all persons who purchased or otherwise acquired Meta Financial Group, Inc. ("Meta", "Meta Financial" or the "Company") common stock between May 14, 2009 and October 18, 2010 (the "Class Period").

On January 12, 2011, the Court appointed Eden Partnership as Lead Plaintiff in the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and approved its selection of Kahn, Swick & Foti, LLC ("KSF") as Lead Counsel.  On January 18, 2011, this Court entered an Order, upon the agreed stipulation by the Parties, approving the briefing schedule for the Lead Plaintiff to file an Amended Complaint ("Amended Complaint" or "Complaint"), for the briefing of the anticipated motion to dismiss.

Lead Counsel, KSF, conducted an extensive investigation regarding the allegations contained in its original Complaint in the *Bhat* action and in the Amended Complaint.  This investigation included: the retention of private investigators; interviews of numerous persons with knowledge of the allegations, including former employees of Meta as well as third parties; consultation with experts on the issues of damages and market efficiency; a thorough review of the Company's press releases, SEC filings, and financial statements; and other factual and legal research in preparation for the filing of the Amended Complaint.

In February of 2011, Lead Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Office of Thrift Supervision ("OTS") seeking various documents regarding the Company and the allegations of the Complaint.  The OTS responded to the request and produced documents to Lead Plaintiff in response to the request in or around March of 2011.

Lead Plaintiff filed an Amended Complaint on March 14, 2011.  On April 11, 2011, Defendants filed a Motion to Dismiss the Amended Complaint.  On May 9, 2011, Plaintiff filed its Opposition to the motion and on May 31, 2011, Defendants filed their reply.

On July 18, 2011, this Court entered its Order denying in its entirety Defendants' Motion to Dismiss the Amended Complaint.  On August 1, 2011, Defendants filed their Answer to the Amended Complaint and asserted various affirmative defenses.  On August 11, 2011, the Court entered an Amended Scheduling Order setting forth various deadlines for discovery in this Action.  On August 22, 2011 Lead Plaintiff and Defendants exchanged initial disclosures.  Lead Plaintiff also prepared subpoenas to third parties and met and conferred with counsel for Defendants regarding document production, including logistical issues concerning a document depository in Sioux Falls, South Dakota, and electronic discovery issues. In or around November of 2011, Lead Plaintiff noticed 30(b)(6) depositions on a range of relevant topics and met and conferred with Defense Counsel thereafter regarding dates in January 2012 for commencing depositions.

While discovery was in its early stages, the Parties agreed to mediation before retired Judge Layn R. Phillips, in New York City on December 5, 2011.  Following extensive arms-length negotiations facilitated by Judge Phillips, discussed herein at section IV.(A), the Parties reached an agreement in principle to settle the litigation as to all Defendants and all claims.

## B.      Reasons for Settlement

Lead Plaintiff, by and through Counsel, litigated this case zealously, and engaged in arm's length negotiations with defense counsel based upon a thorough understanding of the strengths and weaknesses of the claims alleged in the Amended Complaint.  These negotiations culminated in the present agreement that was reached during formal mediation before Judge Phillips during a mediation in New York, New York.

Lead Plaintiff has conducted a thorough investigation of the claims in this case and retained outside investigation specialists to assist in the investigation of this case.  Through

numerous interviews with former employees of the Company and others with knowledge of the allegations, a thorough review of information received from the OTS as part of Lead Plaintiff's FOIA request, and its review of publicly available documents, Lead Plaintiff had a detailed understanding of the strengths and weaknesses of their claims and the damages suffered by the Class. Based on this understanding, as well as the briefing on the Defendants' Motion to Dismiss, the Defendants' Answer, and settlement negotiations during Mediation, Lead Plaintiff was able to assess the viability of the defenses offered by the Defendants. The Stipulation provides a significant all-cash benefit for the Class now and will eliminate the substantial risk that continued litigation may result in a smaller or possibly no recovery at all.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the case. Nevertheless, Defendants concluded that it is desirable to fully and finally resolve this Litigation in the manner and on the terms set forth in the Stipulation. For Defendants, resolution of the Litigation limits further expense and inconvenience with respect to the matters at issue in this case. Defendants have also taken into account the uncertainty and risks inherent in any litigation. Based on this assessment, Defendants determine that is desirable and beneficial to settle this Litigation as set forth in the Stipulation.

Lead Plaintiff and Lead Counsel submit that the proposed Stipulation is sufficiently within the range of possible approval to warrant this motion for preliminary approval of the Settlement.

## III.   TERMS OF THE SETTLEMENT

Lead Plaintiff and all Defendants (collectively, the "Settling Parties") have entered into an agreement which resolves all claims in this Litigation as to Meta and the Individual

Defendants.  The Settlement provides for a benefit to the Class in the amount of Two Million One Hundred Thousand Dollars ($2,100,000.00) in cash.   If the Court grants preliminary approval of this Settlement, it will be necessary to set a hearing for final approval of the Settlement.  The Settling Parties request that the Court select a final hearing date that provides enough time for the Notice to be disseminated to the Class, to receive any comments concerning the Settlement from the Members of the class, and for Lead Plaintiff's Lead Counsel to submit their papers in support of final approval of the Settlement, Plan of Allocation, attorney's fees, and reimbursement of expenses.

## IV.     THE SETTLEMENT MEETS THE JUDICIAL STANDARDS FOR PRELIMINARY APPROVAL UNDER RULE 23(e)

Under Rule 23(e) a court must review any "settlement, voluntary dismissal, or compromise" of the "claims, issues or defenses of a certified class."  Fed. R. Civ. P. 23(e). Because the object of settlement is to avoid, not confront, the determination of contested issues, the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1987) ("the district court need not undertake the type of detailed investigation that trying the case would involve").  Rather, the Court must show that its decision rests on well-reasoned conclusions and not mere boilerplate.  *See id; see also Grunin v. Int'l. House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975).

The procedure for review of a proposed class action settlement is a well established two-step process.  *See* MANUAL FOR COMPLEX LITIGATION § 13.14 (4th ed. 2004).  First, the Court conducts a preliminary hearing or inquiry[2], the purpose of which is "to ascertain whether

---

[2] While a formal hearing is required at the final fairness stage to allow Class members an opportunity to object to the settlement, the plan of allocation, and/or the fee and expense request, no hearing is necessary at the preliminary approval stage unless the Court so requires.

there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *See id.* § 21.632 at 320-21.  If the District Court preliminarily approves the settlement, the class is notified and provided an opportunity to be heard at a final fairness hearing concerning the merits of the settlement. *See id.* § 21.633-634 at 321-322.

At the preliminary approval stage the court should consider two factors in making its determination whether approval is warranted: 1) the extent of informed, arms-length negotiations between the parties; and 2) whether the resulting Settlement is within the range of what might be found fair, reasonable, and adequate.  *See, e.g. Holden v. Burlington N., Inc.* 665 F. Supp. 1398, 1402 (D. Minn. 1987); *see also Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004).

In this Case, the proposed Settlement meets the standard for preliminary approval established by the Eighth Circuit and therefore fully merits this Court's preliminary approval.

## A.      The Settlement is the Product of Arms-Length Negotiations Among Experienced Counsel

The Settlement is the result of extensive, arms-length negotiations conducted by experienced counsel for all parties and mediated by a former federal district court judge.

During the early stages of discovery, the Parties agreed to mediate with retired Judge Layn R. Phillips in New York City in an attempt to find a resolution to the Litigation.  Pursuant to Judge Phillips' instructions, prior to the mediation, the Parties provided Judge Phillips with submissions detailing what the parties believed were the relevant facts and applicable legal principles. On December 5, 2011, the Parties conducted a full-day mediation before Judge Phillips where counsel for the parties made detailed oral presentations addressing such issues as the materiality of Defendants' alleged misstatements and omissions, causation, the amount of recoverable damages and the methodology employed in calculated those damages.  Following

extensive arms-length negotiations facilitated by Judge Phillips, the Parties reached an agreement in principle to settle the litigation as the all Defendants and all claims.   The details of the settlement are contained in the Stipulation and attached exhibits. Because this Settlement was reached through arms-length negotiations, among experienced counsel, under the direction of a former judge, and there is no evidence of collusion or bad faith, this Court should preliminarily approve this settlement.  *See Deboer v. Mellon Mortg. Co.* 64 F.3d 1171, 1178 (8th Cir. 1995).

## B.     The Settlement Falls Within the Range of What is Fair, Reasonable and Adequate

Preliminary approval of a settlement does not require that the Court make a final determination regarding the fairness, reasonableness and adequacy of the Settlement; that decision is made at the final approval stage, after notice of the settlement is provided to class members and they have had an opportunity to voice their views or to exclude themselves from the settlement.  *See* 5 James Wm. Moore, *Moore's Federal Practice*, 23.83[1], at 23-336.2 to 23-339 (3d ed. 2001).

In its analysis of the second factor regarding whether the Settlement is within the range of what might be found fair, reasonable and adequate proposed class settlement, the Eighth Circuit has established that a district court should consider four factors: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *See Gries v. Standard Ready Mix Concrete, LLC*, 2009 WL 427281, *10, (N.D. Iowa 2009), *citing In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 396 F. 3d 922, 933 (8th Cir. 2005); *see also Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669, 676 (S.D. Iowa 2009).  Significantly, the most important consideration is the strength of the case for plaintiffs on the merits, balanced against the amount offered in the settlement. *See Gries*, 2009 WL  437281

at *10, *citing In re Wireless* 396 F. 3d at 932 *quoting Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 150 (8th Cir. 1999).

    <u>1.</u>    <u>The Merits of the Plaintiff's Case, Weighed Against the Terms of the Settlement Support the Preliminary Approval of the Settlement.</u>

The proposed Settlement adequately reflects the value of Lead Plaintiff's case. Lead Counsel has expended substantial amounts of time and money vigorously researching the allegations against Defendants and prosecuting this case. To that end, Plaintiff is confident about its ultimate success in this matter. Nevertheless, there is a risk in any litigation, particularly so in a securities class action, which is a notoriously complex area of the law. Therefore, any prediction of success is far from reliable.

Defendants have adamantly defended their actions regarding the representations made about iAdvance, a key loan product, and the Meta Payment Systems ("MPS") division, which offered iAdvance loans and other profitable programs, during the Class period and have demonstrated no hesitancy to vehemently litigate this matter through trial and appeal if necessary. Furthermore, Defendants presented certain defenses, that if accepted, could leave Class Members without a recovery. Defendants have also indicated their intention to challenge the issue of market efficiency of the Company's common stock during the Class Period. In the event that Defendants were to succeed in that challenge, Plaintiff could not obtain Class certification. Defendants also indicated they would seek to challenge the length of the Class Period, seeking to truncate that Period, which could dramatically decrease Plaintiff's maximum damages.

In light of these and other potential obstacles, including the potential for summary judgment motions, the settlement totaling $2,100,000 is a highly favorable recovery for the Class and should be preliminarily approved by this Court.

2.      Defendant's Financial Condition

The Settlement of $2.1 million is a substantial amount and represents a significant percentage of the maximum estimated damages of Plaintiff's economic consultants.  Even if Defendants could possibly pay more, "'this fact, standing alone does not render the settlement inadequate.'"  *In re United Health Group Inc. PSLRA Litig.*, 643 F. Supp. 2d 1094, 1099 (D. Minn. 2009) *citing Petrovic*, 200 F.3d at 1152.  Based on their careful review of the maximum recoverable damages and the strengths and weaknesses of the case and the risks and uncertainties faced on all sides, the Parties agreed that it both prudent and economically sound to settle at this stage and not expend additional time, money, and other resources on this litigation.  By settling the case now, Defendants are able to put the litigation behind them and move forward; Lead Plaintiff is able to recover a large percentage of class-wide damages without facing the serious risks of years of litigation and the potential for no ultimate recovery.

3.      The Complexity and Expense of Further Litigation

Securities litigation is a particularly complex field and requires the devotion of significant resources.  As described above, this Settlement was reached while the case was in the early stages of discovery.  If this Settlement is not approved, a substantial amount of work will need to be done immediately, including the production and analysis of vast quantities of relevant documents (both electronically stored and in a physical depository), depositions, interrogatories, and third party discovery.  This would likely be followed with the completion of expert

discovery, briefing on motions for summary judgment, designation of witnesses and exhibits, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal.

It is reasonable to assume that the Defendants would continue their vigorous defense of this case throughout fact and expert discovery, summary judgment, trial and appeal phases of this case. The Settlement obviates that delay and will, if approved, ensure and advance the recovery to the Class, possibly by as much as two years or more. If Defendants were able to shorten the Class Period and decrease damages, the possibility of a reduced recovery becomes even more likely. This factor speaks strongly in favor of the preliminary approval of the proposed Settlement.

4.      The Amount of Opposition to the Settlement

The reaction of class members cannot be evaluated at this stage but can and will be properly evaluated at the final approval stage, after Class members have received notice of the proposed Settlement and had an opportunity to object or opt out of the Settlement. *See Gries* 2009 WL 427281 at *10.

## V.      THE SETTLEMENT CLASS SHOULD BE CERTIFIED

Lead Plaintiff further requests that the Court certify a Class for settlement purposes only which will consist of:

> all Persons (including, as to all such Persons, their beneficiaries) who purchased or otherwise acquired the common stock of Meta Financial between May 14, 2009 and October 18, 2010, inclusive. Excluded from the Class are the Defendants; any officers or directors of Meta Financial during the Class Period and any current officers or directors of Meta Financial; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of

the immediate families of J. Tyler Haahr, David W. Leedom, Bradley C. Hanson, and Troy Moore III and their successors, heirs, assigns, and legal representatives. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

Stipulation at ¶ 1.17.

Certification of the Class for settlement purposes only will further the interests of Class Members and Defendants by allowing this Litigation to be settled on a class-wide basis. Moreover, for purposes of settlement only, Defendants consent to certification of the Class under Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3).

Pursuant to Fed. R. Civ. P 23(a), class certification is appropriate here because the four prerequisites (numerosity, commonality, typicality and adequacy of representation) are met. *See Amchem Product, Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Second, Class certification is appropriate because, pursuant to Fed. R. Civ. P. 23(b)(3), this Litigation involves common issues of law or fact that predominate over individual issues and the class action is superior to fairly and efficiently adjudicate the Class Members' claims.

**A.     The Requirements of Fed. R. Civ. P. 23(a) Are Satisfied**

1.     <u>Numerosity</u>

The first requirement of Rule 23(a) is that plaintiff must show that "the class is so numerous that joinder of all members is impractible." *See* Fed. R. Civ. P. 23(a)(1). The Eighth Circuit has not specified a bright line rule to establish when joinder is impractible. *See Gries*, 2009 WL 427281 at *5 (citations omitted). Rather, there must be a showing that the plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *See id.* at *4 citing *Arkansas Educ. Ass'n. v. Board of Educ. of Portland, Arkansas School Dist.*, 446 F. 2d 763, 765 (8th Cir. 1971).

The proposed Class Members in this Litigation all purchased Meta common stock over a period of 17 months. Throughout that time period, Meta stock traded on NASDAQ, a national stock listing. Plaintiffs estimate that there are hundreds or thousands of potential class members, thus making joinder of all class members impracticable. Therefore, the numerosity requirement is met.

### 2. Commonality

Secondly, the Plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is not required on every question in the class action; rather, it is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation. *See Gries*, 2009 WL 427281 at *7 *citing Deboer*, 64 F.3d at 1174 (citations omitted).

Here, Defendants allegedly made a series of false and misleading statements and omissions that caused Class Members to purchase the Company's common stock at inflated prices throughout the Class Period. Furthermore, Lead Plaintiff alleges that these false and misleading statements violated various securities laws. The claims therefore arise out of the same facts and rely on the same legal principles. Thus the commonality requirement for class certification is met.

### 3. Typicality

Rule 23(a) also requires that plaintiffs show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). To meet this requirement, the Plaintiff must show that the class representative and the members of the class have the same or similar grievances. *See Gries* 2009 WL 427281 at *7 *citing Deboer*, 64 F.3d at 1175 (citations omitted). Here, Lead Plaintiff's claims and the claims of the

putative Class Members arise from the same conduct.  The evidence required to prove Lead Plaintiff's claims would establish the same violation by Defendants for every member of the putative Class.  Additionally, Lead Plaintiffs are not subject to any unique defenses that could make them atypical class members.  Therefore, the typicality requirement is met.

  4.  <u>Adequacy of Representation</u>

  Lastly, Rule 23(a) requires that the Plaintiff shows that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4).  This requires a two part showing that (1) the class representatives have common interests with the members of the class, and (2) the class representatives will vigorously prosecute the interests of the class through qualified counsel.  *See Gries*, 2009 WL 427281 at *8 *citing Paxton v. Union Nat. Bank*, 688 F.2d 552 at 562-563 (8th Cir. 1982).

  Here the Lead Plaintiff is a group of purchasers of Meta common stock who relied on the Company's allegedly false and misleading disclosures and omissions, and suffered the same financial harms as the other stockholders.  Therefore, Lead Plaintiff has the same incentive for pursuing claims against Meta as the Class.  Furthermore, Lead Plaintiff's Counsel are highly qualified and have substantial experience in securities class actions and other complex litigation.  Therefore the requirement of adequacy of representation is met.

**B.**  **The Requirements of Rule 23(b)(3) Are Satisfied**

  In addition to meeting the prerequisites of Fed. R. Civ. P. 23(a), the proposed settlement class must also satisfy one of the subdivisions of Fed. R. Civ. P. 23(b).  *Amchem.*, 521 U.S. at 594.  Lead Plaintiffs seek certification of a Settlement Class under of Fed. R. Civ. P. 23(b)(3), which states:

> (b) Class Actions Maintainable.  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

*** 

(3) the court finds that the questions of law and fact common to the members of the class predominate over any questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

1.    Common Questions Predominate

The predominance inquiry "trains on the legal or factual questions that qualify each class member's case as a genuine controversy, questions that preexist any settlement." *Amchem.*, 521 U.S. at 623.

Lead Plaintiff submits that there are no predominant individual issues in this case, especially in the settlement context. *In re First Commodity Corp. of Boston Customer Accounts Litig.*, 119 F.R.D. 301, 307 (D. Mass. 1987) ("although common questions may predominate and justify a class if the case is settled, the standards of Rule 23(b)(3) may not be met if the case must be tried."). In approving a settlement class, a court need not consider the difficulties likely to be encountered in managing the class action. *See Amchem.*, 521 U.S. at 591. In *Amchem*, the Supreme Court noted that because a settlement class action obviates a trial, the district judge deciding whether to certify a settlement class action "need not inquire whether the case, if tried, would present intractable management problems," under Fed. R. Civ. P. 23(b)(3)(D). *Id.* at 620. Predominance is easily shown in securities class actions. *See id.* at 625.

In this litigation, Lead Plaintiff's claims and the claims of the putative Class Members rely on the same misleading statements and omissions as the core of their allegations of Securities laws violations. The facts needed to establish the Lead Plaintiff's claims are identical to the facts needed by other Class Members to pursue individual claims against Defendants. Therefore, common questions clearly predominate and certification is appropriate.

2.      A Class Action is Superior to Numerous Individual Actions

The class action device is also the superior method for resolving the claims in this Action. Courts have long recognized that the class action is not only a superior method, but also may be the only feasible method to fairly and efficiently adjudicate a controversy involving a large number of purchasers of securities injured by securities law violations.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("[m]ost of the plaintiffs would have no realistic day in court if a class action were not available").   The following factors guide the superiority determination:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate action; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

Here the utility of presenting the claims asserted through the class action method is substantial as the members of the Class who have been injured could number in the thousands, but few, if any have been damaged to a degree that would induce them to litigate their claims on their own behalf.  The alternative to certifying a Settlement class would be to potentially unleash hundreds of individual actions into the judicial system or risk that Plaintiffs and Class Members would be unable to seek redress due to the costs of litigation.  Furthermore, resolution of this Litigation as a Class Action will be better for Defendants who could not otherwise obtain a Class-wide release and therefore would have little incentive to enter into the current Settlement. Moreover, certification of the Class for settlement purposes only will allow the Settlement to be administered in an organized and efficient manner.   Therefore, resolution of the Litigation through the Settlement is clearly superior to any other available method of resolution.

For all the foregoing reasons, this Court should find that this Settlement Class meets the requirements of both Fed. R. Civ. P. 23(a) and 23(b) and should Certify the Class for Settlement Purposes.

**C.      KSF Should Be Appointed Class Counsel under Rule 23(g)**

Fed. R. Civ. P. 23(g)(1)(A) states that "a court that certifies a class must appoint class counsel." KSF satisfies the requirements of Fed. R. Civ. P. 23(g) and should be appointed as Class Counsel. As discussed above, KSF have fairly and adequately represented the Class as Lead Counsel and will continue to do so. Proposed Class Counsel has considerable experience in the litigation of securities and class action cases, are knowledgeable about the applicable law, and have performed substantial work in vigorously pursuing Class' claims here. Proposed Class Counsel have also devoted considerable resources in representing the interests of Lead Plaintiff and the Class, to ensure both maximum efficiency and the best recovery possible.

**VI.      THE PROPOSED NOTICE TO THE CLASS SATISFIES RULE 23 AND DUE PROCESS REQUIREMENTS**

"Rule 23e(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.'" *Manual for Complex Litigation* at § 21.312, at 414 (4th ed. 2004). In order to satisfy the due process requirements, notice to Class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Notice should also provide a "very general description of the proposed settlement." *Weinberger v. Kendrick*, 698 F. 2d 61, 70 (2d. Cir. 1982).

Lead Plaintiff proposes that notice be given in the form of the attached Exhibits A-1 and A-3 to the proposed preliminary approval Order[3] attached to the Stipulation as Exhibit A.  The proposed form and method of Class notice describes in basic English terms the operation of the Settlement, the considerations that caused Class Counsel to conclude that the Settlement is fair and adequate, the maximum counsel fees and class representative compensation that may be sought, the procedure for objecting to the Settlement, and the date and place of the fairness hearing.  With the Court's approval, the Class notice will be mailed to each Class member, no later than 95 days prior to the fairness hearing.  The proposed forms of notice will fairly apprise Class members of the settlement and their options with respect thereto, and fully satisfy due process requirements.

## VII.   PROPOSED SCHEDULE FOR THE APPROVAL PROCESS

The following is a proposed timetable to help the Court establish the necessary deadlines in the Preliminary Order:

| Event | Proposed Deadline |
|---|---|
| Motion for Preliminary Approval Filed | Day 0 |
| Class Acton Fairness Act ("CAFA") Notice to be Issued | Day 10 (January 15, 2012) |
| Filing of Papers in Support of Settlement, Plan of Allocation and application of Lead Counsel for attorney fees and expenses | Day 84 (March 29, 2012) |
| Deadline for Lead Counsel to File Affidavit of Notice Mailing and Publication | Day 84 (March 29, 2012) |
| Deadline for submitting exclusion requests or objections | Day 96 (April 9, 2012) |

---

[3] Two versions of the Proposed Order Granting Preliminary Approval are attached to this Memorandum: One contains the dates specified in schedule proposed in this Memorandum; the second contains blank dates in the event this Court selects different dates.

| Deadline for filing any Opposition to the Motion for Final Approval | Day 96 (April 9, 2012) |
|---|---|
| Deadline for filing reply in further support of the Motion for Final Approval; Deadline for Defendants to respond to any objection filed | Day 103 (April 16, 2012) |
| Final Approval Hearing Date | Day 110 (April 23, 2012) |
| Deadline for Class Members' Submission of Proofs of Claim (*see* Prelim. Order ¶ 8) | Day 140 (May 23, 2012) |

## VIII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion and issue an order (1) preliminarily approving the proposed Settlement of this litigation; (2) certifying the class for settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and appointing KSF as   Class Counsel; (3)   approving the forms for mailed and published notice of the Settlement; (4) authorizing the mailing and publication of those notices; and (5) setting a date and time for the fairness hearing with respect to the proposed Settlement and Plan of Allocation. Respectfully submitted this 5th day of January, 2012.

**KAHN SWICK & FOTI, LLC**

/s/ Kim E. Miller
Kim E. Miller, *pro hac vice*
500 5th Avenue, Suite 1810
New York, NY 10110
Tel:  212-696-3730
kim.miller@ksfcounsel.com

*Lead Counsel for Lead Plaintiff and the Class*

**BERG, ROUSE, SPAULDING & SCHMIDT, P.L.C.**

Ward A. Rouse
4940 Pleasant Street
West Des Moines, IA 50266
Tel: (515) 223-9000
Fax: (515) 226-8710
Email: wardrouse.@qwestoffice.net

*Local Counsel for Lead Plaintiff and the Class*