**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| IN RE META FINANCIAL GROUP, INC., SECURITIES LITIGATION, | No. C 10-4108-MWB<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE OF PENDENCY** |

_____

This Court, having reviewed and considered the parties' Stipulation and Agreement of Settlement dated January 5, 2012, and Lead Plaintiff's January 5, 2012, Unopposed Motion For Preliminary Approval Of Class Action Settlement And Notice To The Class (docket no. 48), ORDERS AS FOLLOWS:

1.  The Court preliminarily approves the Stipulation and the Settlement, subject to further consideration at the Settlement Fairness Hearing described below.

2.  The Court preliminarily certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a settlement class consisting of all Persons who purchased or otherwise acquired the common stock of Meta Financial Group, Inc. ("Meta Financial") between May 14, 2009, and October 18, 2010, inclusive. Excluded from the Class are the Defendants; any officers or directors of Meta Financial during the Class Period and any current officers or directors of Meta Financial; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of J. Tyler Haahr, David W. Leedom, Bradley C. Hanson, and Troy Moore III, and their successors, heirs, assigns, and legal representatives. Also excluded from the Class are those Persons who timely and validly

request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

3. The Court has determined preliminarily and for the purpose of settlement only that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class; and (d) Lead Plaintiff will fairly and adequately protect the interests of the Class. The Court further preliminarily finds that the questions of law or fact common to Class Members predominate over any questions affecting individual members, including but not limited to whether Meta Financial published materially false and/or misleading statements between May 14, 2009, and October 18, 2010, inclusive, as alleged by Lead Plaintiff. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. The Settlement Fairness Hearing shall be held before this Court on **Friday, June 29, 2012, at 9:00 a.m.,** at the United States District Court for the Northern District of Iowa, Western Division, 320 Sixth Street, Sioux City, IA 51101, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; whether a Judgment as provided in the Stipulation and its Exhibit B, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and contains releases, should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of reasonable fees, time, costs, expenses, if any, that should be awarded to Lead Counsel. The Court may adjourn the Settlement Fairness Hearing without further notice to Class Members.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and Summary Notice for publication, included respectively as Exhibits A-1, A-2, and A3 to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The Court further reserves the right to enter a Final Judgment and Order of Dismissal with Prejudice that approves the Settlement and dismisses the Action on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses for Lead Plaintiff's time and expenses.

7. The Court appoints Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **March 22, 2012** (14 days after entry of this order (the "Notice Date")), Lead Counsel shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort.

(b) Not later than **March 29, 2012** (21 days after the issuance of this Order), Lead Counsel shall cause the Summary Notice to be published in the *Investor's Business Daily* and once online over the PR Newswire, and not later than **March 29, 2012** (21 days after the issuance of this Order), Lead Counsel shall place a copy of the Complaint and the Stipulation (including Exhibits) on the website of Lead Counsel or a website maintained by Lead Counsel.

(c) By **May 21, 2012,** Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of the mailing and publishing described above.

8. Nominees who purchased or otherwise acquired Meta Financial common stock for the benefit of any Class Member(s) between May 14, 2009, and October 18, 2010, inclusive, shall send the Notice and the Claim Form to all such Class Members within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Claim Form to such beneficiaries. Lead Counsel shall, if requested, reimburse, out of the Class Notice and Administration Fund, banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than **July 30, 2012.** Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

11. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall

have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

14. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel.

14. Any Class Member who does not make a written objection in the manner provided and/or appear in person or through a representative at the Settlement Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and Plan of Allocation.

16. No Released Persons shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Fairness Hearing, the Court will determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any Released Person of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

20. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

21. The Court reserves the right to continue the Settlement Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Should the Court continue the Settlement Fairness Hearing, such a continuance will be reflected in the Court's calendar and accessible via the Court's website. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

22. Pending the Settlement Fairness Hearing, all Class Members are enjoined from initiating or prosecuting any actions or claims against any Released Person that are within the scope of the Releases provided for by the Stipulation.

23. The following schedule of dates shall govern resolution of this Settlement:

| | |
|---|---|
| Class Action Fairness Act ("CAFA") Notice to be issued | **March 22, 2012** |
| Deadline for filing of papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Lead Counsel for attorneys' fees or reimbursement of expenses (collectively, the "Applications") | **May 21, 2012** |
| Deadline for Lead Counsel to file affidavit of notice mailing and publication | **May 21, 2012** |
| Deadline for submitting requests to be excluded from the Class and/or objections | **June 1, 2012** |
| Deadline for filing an opposition to any of the Applications | **June 1, 2012** |
| Deadline for filing reply to any opposition to the Applications or any response to any objection(s) filed | **June 8, 2012** |
| Date of Settlement Fairness Hearing | **June 29, 2012, at 9:00 a.m. (CST)** |
| Deadline for Class Members' submission of Proof of Claim and Release forms | **July 30, 2012** |

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2012.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA