# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| IN RE META FINANCIAL GROUP, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) |

Case No. C 10-4108-MWB

### AFFIDAVIT OF PAUL MULHOLLAND, CPA CVA
### CONCERNING MAILING OF NOTICE OF PENDENCY OF CLASS ACTION AND
### PROPOSED SETTLEMENT WITH ALL DEFENDANTS, MOTION FOR ATTORNEYS'
### FEES, AND SETTLEMENT FAIRNESS HEARING AND PROOF OF CLAIM AND
### RELEASE

I, Paul Mulholland, being duly sworn, depose and say:

1.      I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency of Class Action and Proposed Settlement with all Defendants, Motion for Attorneys' Fees, and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release ("Claim Form") (collectively, "Notice and Claim Form") and the publication of the Summary Notice ("Publication Notice"). Please see **Exhibit A** for the Notice and Claim Form. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I am the President of Strategic Claims Services ("SCS"), a nationally recognized claims administration firm. I am a Certified Public Accountant and a Certified Valuation Analyst. I have over twenty years of experience specializing in claims administration for class action settlements, and I have administered over two-hundred seventy-five (275) cases. SCS was established in April 1999 and has administered over two-hundred twenty-five (225) class actions settlements since its inception.

3.      SCS was appointed by the Court to provide administrative services as part of the settlement administration process in the above-captioned litigation.  Our services include printing and mailing of the Notice and Claim Form; supplying the Notice and Claim Form to the Class; notifying brokerage firms or other nominee accounts of the appropriate manner to provide individual notice to class members, both individually and on a published basis; tracking requests for exclusion; distributing, accepting and processing Claim Forms filed by class members; reviewing submitted Claim Forms for accuracy and completeness and to ensure that they are supported by sufficient documentary evidence; providing notices to those claims that are deficient or rejected, when appropriate; calculating recognized losses of the class, on both an individual and classwide basis; and all other services necessary to administer this securities litigation class action ("Settlement").

4.      To provide actual notice to those persons and entities who purchased or otherwise acquired the publicly-traded common stock of Meta Financial Group, Inc. ("Meta Financial") between May 14, 2009 and October 18, 2010, inclusive, ("Class Period"), we mailed, by first class mail, postage prepaid, the Notice and Claim Form approved by the Court to all individuals and organizations identified on the records of Meta Financial's transfer agent, Registrar & Transfer Company.  These records reflect persons and entities that purchased or otherwise acquired the common stock of Meta Financial for their own account or for the account(s) of others during the Class Period.  The Notice, along with a letter, was also mailed or emailed to all brokerage companies, banks and trust companies contained on our master mailing list notifying them of the settlement and asking them to either send the Notice and Claim Form to beneficial owners within 10 days of receipt or provide SCS with a list of names and addresses of such beneficial owners so that SCS could promptly mail the Notice and Claim Forms directly to them. SCS maintains a master list consisting of the 1,090 largest banks and brokerage companies ("Nominee Account Holders"), as well as 728 mutual funds, insurance companies, pension

funds, and money managers ("Institutional Groups"), that may have traded or owned the common stock of Meta Financial in their clients' or their own accounts.  The Notice and Claim Forms were mailed or emailed on or before March 22, 2012 as required by the Court's Order Preliminarily Approving Settlement and Providing for Notice of Pendency Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, dated March 8, 2012 (the "Court's March 8, 2012 Order").  Moreover, the Notice and Claim Form was made available to the public at SCS's website.

5.      To date, 3,742 Notice and Claim Forms have been mailed.  SCS mailed 238 Notice and Claim Forms to individuals and organizations from the shareholders' list provided by the transfer agent.  As noted above, 1,818 Notice and Claim Forms were sent to Nominee Account Holders and Institutional Groups.  Also, to date, an additional 1,686 Notice and Claim Forms were requested by, and provided to, the Nominee Account Holders and Institutional Groups and other individuals.

6.      Out of the 3,742 Notice and Claim Forms mailed, 36 were returned as undeliverable.  Of these, the post office provided forwarding addresses for 6; SCS immediately mailed another Notice and Claim Form to these Class Members at the updated addresses.  The remaining 30 Notice and Claim Forms returned as undeliverable were "skip-traced" to obtain updated addresses and re-mailed if updated addresses were provided.

7.      As required by the Court's March 8, 2012 Order, the Publication Notice was published in the *Investor's Business Daily* and once online over the *PR Newswire* on March 27, 2012, as shown in the confirmations of publication attached hereto as **Exhibit B.**

8.      The notice procedures described in paragraphs three (3) through seven (7) above are consistent with the procedures I have used in each of the class action securities litigation cases in which I have been involved with over the past twenty years.

9.      SCS has received no objection to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses. Objections must be postmarked on or before June 1, 2012.

10.      To date, SCS has received a single request for exclusion from the Class attached hereto as **Exhibit C**.  However, that request was made by a person who is not a class member at all by her own admission.  Therefore, to date there are no valid requests for exclusion from class members.  Exclusion requests must be postmarked no later than June 1, 2012.

Paul Mulholland, CPA, CVA

Sworn to and subscribed before me
this 21st day of May 2012
in the County of Delaware,
Commonwealth of Pennsylvania.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Christina L. Kerper, Notary Public
Upper Providence Twp., Delaware County
My Commission Expires Feb. 25, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

4

EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

—————————————————————— X
                                                  :
                                                  :
IN RE META FINANCIAL GROUP, INC.                  :      Case No. C 10-4108-MWB
SECURITIES LITIGATION                             :
                                                  :
                                                  :
—————————————————————— X

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH ALL DEFENDANTS, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**IF YOU PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY-TRADED COMMON STOCK OF META FINANCIAL GROUP, INC. ("META FINANCIAL") (TRADING SYMBOL NASDAQ: CASH) BETWEEN MAY 14, 2009 AND OCTOBER 18, 2010, INCLUSIVE, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]**

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement resolves a federal class action lawsuit alleging that Meta Financial and certain of its officers and directors violated the Securities Exchange Act of 1934 by making materially false and misleading statements and omissions with knowledge or reckless disregard of the false and misleading nature of the statements and omissions. Herein, the "Action" means *In re Meta Financial Group, Inc. Sec. Litig.*, Case No. C 10-4108–MWB (N.D. Iowa.).

- The Court-appointed Lead Plaintiff is Eden Partnership (comprised of Eden Partnerships Management, Nathaneal Dreyfuss, Assaf Nathan, Gad Nathan, and Yaniv Uliel) ("Lead Plaintiff").

- The defendants are Meta Financial, J. Tyler Haahr, David W. Leedom, Bradley C. Hanson, and Troy Moore III (collectively, "Defendants").

- Defendants deny the allegations of Lead Plaintiff. The parties disagree on whether Defendants violated the federal securities laws, whether the alleged violations caused any damages to the Class Members (as defined below), and on the average amount of damages per share that would be recoverable if Lead Plaintiff and the Class (as defined below) prevailed on their claims.

- The federal court has preliminarily certified, for settlement purposes only, a Class consisting of all Persons (including, as to all such Persons, their beneficiaries) who purchased or otherwise acquired the common stock of Meta Financial between May 14, 2009 and October 18, 2010, inclusive. Excluded from the Class are the Defendants; any officers or directors of Meta Financial during the Class Period and any current officers or directors of Meta Financial; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of J. Tyler Haahr, David W. Leedom, Bradley C. Hanson, and Troy Moore III and their successors, heirs, assigns, and legal representatives. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

- The Settlement provides for a $2,100,000 cash Settlement Fund for the benefit of Class Members. Lead Counsel estimate that the average per-share benefit to Class Members from this Settlement will be $3.04 before deduction of Court-approved fees and expenses.

- This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

——————————
[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement, dated January 5, 2012. The "Settlement" is the settlement embodied in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM BY JULY 30, 2012 | The only way to get a payment in this Settlement. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING AN OPT-OUT FORM BY JUNE 1, 2012 | Get no payment pursuant to this Settlement. This is the **only** option that allows you to be a part of any other lawsuit against the Defendants and other Released Persons involving the claims released by this Settlement. |
| OBJECT BY JUNE 1, 2012 | Write a letter to the Court objecting to the Settlement. You must still file a claim if you want to receive payment from the Settlement. |
| GO TO A HEARING ON JUNE 29, 2012 AT 9:00 A.M. (CST) | Ask to speak in Court about the Settlement. |
| DO NOTHING | Get no payment from this Settlement. You also will be giving up your rights regarding all claims released by this Settlement and any other lawsuit. |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case has not yet decided whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and if the Settlement remains effective after any appeals by Class Members are resolved.

# SUMMARY NOTICE

## Statement of Class Recovery Under the Settlement

Pursuant to the Settlement described herein, a $2,100,000 cash Settlement Fund has been established. Lead Plaintiff estimates that the "average recovery per damaged share" of Meta Financial common stock under the Settlement is $3.04 before deduction of fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund (defined below), determined by that Claimant's recognized loss (*i.e.*, a claim proved by timely submission of a valid Proof of Claim and Release form) as compared to the total recognized losses of all Class Members. This proportional allocation is called "proration." *See* the Plan of Allocation herein below for more information.

## Statement of Claims, Issues, Defenses, and Potential Outcome of Case

This litigation is a putative federal securities class action lawsuit brought on behalf of all those who purchased or otherwise acquired Meta Financial common stock during the Class Period alleging that Defendants made materially false and misleading statements and omissions regarding, *inter alia*, the deceptive nature of the iAdvance loan program, the existence of an inquiry by the Office of Thrift Supervision ("OTS") into the Meta Payment Systems ("MPS") division of Meta Financial and its programs, the Company's financial results, and the Company's internal controls and procedures. The Complaint alleges that on October 12, 2010, the previously omitted or misstated facts were fully revealed to the public.

In their Complaint, Lead Plaintiff alleges that Meta Financial provided various financial products and services including statement savings accounts, money market savings accounts, NOW ("negotiable order of withdrawal accounts," *i.e.*, interest bearing accounts), regular checking accounts and certificate accounts. The Company claimed to focus on its regional banking and a national payments business as its two core businesses, both conducted through its MPS division. Income tax refund anticipation loans ("RALs") and the iAdvance programs were key programs offered by Meta Financial through its MPS division.

The Complaint alleges that the iAdvance program targeted people with poor or no credit, providing short-term credit to those customers who agreed to direct deposit their paychecks onto a MetaBank prepaid card. The Complaint further alleges that Defendants intentionally marketed RALs and the iAdvance loan program to low-income and less-educated consumers, disguised egregiously-high interest rates as "advance fees," and structured their products to circumvent federal limitations that prohibit garnishing social securities checks or the wages of low income persons. As a result of these alleged deceptive advertising and marketing practices, the OTS began an investigation into the benefits of the RAL and iAdvance programs at least as early as 2009.

The Complaint alleges that Defendants, throughout the Class Period, knew or recklessly disregarded that financial information disseminated to the public and investors reflected earnings based on deceptive and federally prohibited practices and knew of or recklessly disregarded the ongoing OTS investigation into the RAL and iAdvance programs.

On October 12, 2010, Defendants published a report with the Securities and Exchange Commission ("SEC") finally disclosing the OTS investigation of Meta Financial and the OTS findings that the Company had engaged in unfair or deceptive acts or practices in connection with the iAdvance program. The disclosure also revealed, among other things, that the OTS required Meta Financial to discontinue all iAdvance line of credit origination activity and planned to require the Company to reimburse borrowers under the iAdvance program.

The Complaint further alleges that after investors learned the truth about Meta Financial, including that the Company would no longer offer iAdvance products and certain other financial and tax services, shares of the stock dropped 60% in five trading days.

All Defendants deny they made any material misstatement or omission, or violated the federal securities laws, or committed any other legal wrong.

This lawsuit was commenced on November 5, 2010. On December 21, 2010, Eden Partnership moved for appointment as lead plaintiff and for approval of its selection of lead counsel. On January 12, 2011 the Court issued an order appointing Eden Partnership as Lead Plaintiff and approved its selection of Kahn Swick & Foti, LLC as Lead Counsel. On March 14, 2011, Lead Plaintiff, through counsel, filed the Amended Complaint. On March 21, 2011 Lead Plaintiff filed a motion to modify the caption on the Amended Complaint, which the Court granted the next day on March 22, 2011, making the Corrected Amended Class Action Complaint ("Corrected Amended Complaint" or "Complaint") the operative Complaint in the action.

On April 11, 2011, Defendants moved to dismiss the Corrected Amended Complaint in its entirety. In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), discovery was stayed during the pendency of the motions to dismiss. Lead Plaintiff filed its opposition to the Defendants' Motion to Dismiss on May 10, 2011 and Defendants filed their Reply Brief on June 1, 2011. On July 18, 2011, the Court denied Defendants' Motion to Dismiss in its entirety.

After initial discovery, the Parties agreed to mediation before retired Judge Layn R. Phillips, in New York City. Prior to the mediation, the Parties provided Judge Phillips with submissions detailing what the parties believed were the relevant facts and applicable legal principles. On December 5, 2011, the Parties conducted a full-day mediation before Judge Phillips. Following extensive arms-length negotiations facilitated by Judge Phillips, the Parties reached an agreement in principle to settle the litigation as to all Defendants and all claims.

At the time the Settlement was reached, Lead Plaintiff faced the possibility that the Class in this Action would not be certified, or that some or all of the claims would be dismissed before trial. Had the case gone to trial, Defendants would have asserted myriad factual and legal defenses, including that Meta Financial's statements fully complied with the federal securities laws and did not contain any materially false or misleading statements or omissions. Defendants also would contest: whether the statements and omissions were material; whether the market for Meta Financial common stock was efficient during the Class Period; the extent to which the alleged material misstatements and omissions influenced (if at all) the trading prices of Meta Financial's common stock during the Class Period; and the measure and amount of recoverable damages, if any.

Furthermore, to the extent Lead Plaintiff succeeded on any claims, Defendants could take those issues on appeal, which could result in additional years of litigation with no certainty as to outcome for either side. Thus, had this Action continued, Lead Plaintiff and the putative Class could face the possibility of obtaining no recovery. This Settlement enables the Class to recover a percentage of the alleged damages as calculated by Lead Counsel in conjunction with their consultants, without incurring any additional risk. As a result, Lead Plaintiff and Lead Counsel believe this Settlement is a fair and reasonable recovery.

### Statement of Attorneys' Fees and Costs Sought, Lead Plaintiff's Expenses Sought, and Notice Costs and Expenses

Lead Counsel will move the Court to award attorneys' fees in an amount not greater than one third ($33^{1}/_{3}$%) of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $55,000, plus any interest on all such amounts. Lead Counsel also will move the Court to award reimbursement to Lead Plaintiff for reasonable time, costs, and expenses incurred directly related to representation of the Class, in an amount up to $10,000. Lead Counsel estimate that the requested fees and expenses would amount to an average of not more than $1.11 per damaged share in total for fees and expenses. Lead Counsel are authorized by the Stipulation and the Court to pay to the Claims Administrator, Strategic Claims Services, its reasonable and necessary fees and expenses incurred in connection with providing Notice to the Class, administering the Settlement, and distributing the Settlement proceeds to the Class Members to be paid out of a Class Notice and Administration Fund established with funds from the Settlement Fund.

*See* Questions 8-10 below for more information. Class Members are not personally liable for any such fees, expenses, or compensation.

### Further Information

Further information regarding the Action and this Notice may be obtained by contacting Lead Counsel: Lewis S. Kahn, Esq., Kahn Swick & Foti, LLC, 206 Covington Street, Madisonville, Louisiana 70447. Telephone: 504-455-1400.

### Reasons for the Settlement

For Lead Plaintiff, the principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. Lead Plaintiff further considered, after conducting a substantial investigation into the facts of this case, the risks to proving liability and damages and if successful in doing so, whether a larger judgment could ultimately be collected. For Defendants, who deny all allegations of wrongdoing or liability, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM AND RELEASE FORM

### 1.   How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim and Release form ("Claim Form"). A Claim Form is being circulated with this Notice. You also may get a Claim Form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than July 30, 2012.

### 2.   When would I get my payment?

The Court will hold a hearing at 9:00 a.m. (CST) on June 29, 2012, to decide whether to approve the Settlement (the "Settlement Fairness Hearing"). If the Court approves the Settlement, there may be appeals by Class Members after the approval. Resolving appeals can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.

### 3.   What am I giving up to get a payment?

Unless you specifically exclude yourself, you will be treated as a member of the Class Action. This means that upon the Effective Date, you will relinquish all Released Claims against the Released Persons. These terms are defined below:

"Released Claims" shall mean any and all claims (including Unknown Claims), debts, demands, damages, losses, rights, obligations, liabilities, suits, actions, causes of action, allegations, and arguments of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, known or unknown, whether class or individual in nature, and whether or not concealed or hidden, that have been asserted or could have been asserted in the Action or any forum by Lead Plaintiff or any Class Member, arising from, relating in any way to, or in connection with: (i) the facts alleged in the Action; (ii)  investments (including, but not limited to, purchases, sales, and decisions to hold) in common stock issued by Meta Financial, including, but not limited to, the purchase or sale of Meta Financial common stock between May 14, 2009 and October 18, 2010, inclusive; (iii) any disclosures, statements, or omissions by Meta Financial between May 14, 2009 and October 18, 2010, inclusive; (iv) the Securities Act of 1933 and/or the Securities Exchange Act of 1934, arising from, relating in any way to, or in connection with the purchase or acquisition of the common stock of Meta Financial between May 14, 2009 and October 18, 2010, inclusive; or (v) any alleged negligence, gross negligence, recklessness, intentional conduct, breach of duty of care and/or breach of duty of loyalty, unjust enrichment, fraud, or breach of fiduciary duty, arising from, or relating in any way to, or in connection with the facts alleged in the Action.

"Released Persons" means each and all of the Defendants and each and all of the Related Parties;

"Related Parties" means, as to each Defendant, if applicable: its predecessors, successors, parent entities, affili-ates, subsidiaries, divisions, joint ventures, directors, officers, employees, partners, insurers, agents, control-ling shareholders, attorneys, accountants, auditors, advisors, personal or legal representatives, spouses, heirs, and any individual or entity in which any Individual Defendant has or had a controlling interest, the Individual Defendants' families, and any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family.

"Unknown Claims" means any and all claims, debts, demands, damages, losses, rights, obligations, liabilities, suits, actions, causes of action, allegations, and arguments of every nature and description, whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, and whether or not concealed or hidden, that any Lead Plaintiff or any Class Member does not know or suspect to exist at the time of the release of the Released Persons that, if known, might have affected the Stipulation or any of the terms thereof, or the decision by any Class Member not to object to this Settlement or not to opt out from the Class.

With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, the Class shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies to the Action) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Class Members expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date Lead Plaintiff shall expressly have, each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

The "Effective Date" will occur when the Settlement Fund has been funded, Defendants have not exercised their option to terminate the Settlement, and a Judgment entered by the Court approving the Settlement and dismissing the Action with prejudice, including the releases set forth in this Notice, becomes final and not subject to appeal.

The Parties disagree on the amount of damages, if any, which would have been recoverable had Lead Plaintiff prevailed on all claims in this litigation. Lead Plaintiff contends that the misrepresentations and omissions alleged in the Complaint were the direct cause of the artificial elevation and eventual decline in Meta Financial's stock price and caused Lead Plaintiff and the Class to be damaged. Lead Plaintiff further contends that the alleged stock decline is fully attributable to the alleged misrepresentations and omissions set forth in the Complaint. Defendants contend that they made no misrepresentations or omissions, but in all events the alleged misrepresentations and/or omissions set forth in the Complaint did not cause a decline in Meta Financial's common stock price and, therefore, Lead Plaintiff and the Class have not been damaged.

If you remain a Class Member, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Persons in some other lawsuit as to the Released Claims, then you must take steps to remove yourself from this lawsuit. This is called excluding yourself from or "opting out" of the Class. If more than a certain percentage of Class Members opt out or exclude themselves from the Class, Defendants may withdraw from and terminate the Settlement.

**4.  How do I exclude myself from the proposed Settlement?**

To exclude yourself from the Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *In re Meta Financial Group, Inc. Sec. Litig.*, Case No. C 10-4108–MWB (N.D. Iowa)." Your letter must state, for each of your purchases and sales of Meta Financial common stock during the Class Period, the date(s) of purchase(s) or sale(s), the number of shares purchased and/or sold, the price paid or received per share for each such purchase or sale. In addition, you must include your name, address, telephone number, and

signature, and provide proper evidence of your purchases and sales of Meta Financial common stock during the Class Period. You must mail your exclusion request postmarked no later than June 1, 2012 to:

In re Meta Financial Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063

You cannot exclude yourself by telephone or by email. If you ask to be excluded, you will not get any Settlement payment and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Persons in the future. If you exclude yourself, do not send in a Claim Form to ask for any money.

If you submit a request for exclusion but subsequently change your mind, you may submit a written revocation of your request for exclusion and may receive a payment pursuant to the Settlement provided that your written revocation is mailed to the above address and postmarked no later than July 30, 2012 and also provided that you submit a valid Claim Form and include all the documents the form asks for, sign it, and mail it postmarked no later than July 30, 2012 (*see* Question 1).

**5.  If I do not exclude myself from the Settlement, can I sue the Defendants and the other Released Persons later for the same alleged conduct?**

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is June 1, 2012.

**6.  If I exclude myself from the Settlement, can I get money from the proposed Settlement?**

No, but you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Persons.

## IF YOU DO NOTHING

**7.  What happens if I do nothing at all?**

The Judgment of the Court will be binding upon you if you do nothing. You will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Persons about the Released Claims in this case, ever again. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 1). To start, continue, or be a part of any other lawsuit against the Defendants and the other Released Persons about the Released Claims in this case, you must exclude yourself from this Class (*see* Question 4).

## THE LAWYERS REPRESENTING CLASS MEMBERS

**8.  Do I have a lawyer in this case?**

The Court ordered that the law firm of Kahn Swick & Foti, LLC to represent all Class Members. This firm is called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**9.  How will Lead Counsel be paid?**

Lead Counsel will move the Court to award Lead Counsel's fees from the Settlement Fund in a total amount not greater than one third ($33^1/_3\%$) of the Settlement Fund and reimbursement of their expenses in an amount no greater than $55,000, plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.

**10.  How will the notice costs and expenses be paid?**

Lead Counsel are authorized by the Stipulation and the Court to pay the Claims Administrator's reasonable and necessary fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Settlement proceeds to the Class Members. The Claims Administrator's fees and expenses will be paid out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 11. How do I object to the Settlement?

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection(s). You should state reasons why you think the Court should not approve the terms or arrangements of any or all of these documents or applications.

You must object in writing by sending a signed letter stating that you object to the proposed Settlement, proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses in *In re Meta Financial Group, Inc. Sec. Litig.*, Case No. C 10-4108–MWB. Your objection must include a cover page identifying this case name and number and naming the hearing date of June 29, 2012 at 9:00 a.m. at the United States District Courthouse, 320 Sixth Street, Sioux City, IA 51101. Be sure to include your name, address, telephone number, and signature; identify the date(s), price(s), and number of shares of all purchases and sales of Meta Financial common stock you made during the Class Period, and state the reasons for your objection. Your objection must be postmarked on or before June 1, 2012 and mailed to the Court; Kahn Swick & Foti, LLC, on behalf of the Lead Plaintiff; and Counsel for the Defendants at the following addresses:

| COURT: | FOR LEAD PLAINTIFF: | FOR DEFENDANTS: |
|---|---|---|
| Clerk of Court | Lewis S. Kahn | Carl Volz |
| United States District Court for the | KAHN SWICK & FOTI, LLC | KATTEN MUCHIN ROSENMAN LLP |
|    Northern District of Iowa | 206 Covington Street | 525 West Monroe Street |
| Western Division | Madisonville, Louisiana 70447 | Chicago IL 60661-3693 |
| 320 Sixth Street | | |
| Sioux City, IA 51101 | *Lead Counsel for Lead Plaintiff* | *Counsel for Defendants* |
| | *and the Class* | |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court.

At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class may appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Fairness Hearing. If you or your representative intends to appear in person but have not submitted a written objection postmarked by June 1, 2012, it is recommended that you give advance notice to Lead Counsel of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the address provided above.

### 12. What is the difference between objecting and excluding myself from the Class?

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

### 13. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Fairness Hearing at 9:00 a.m. (CST) on June 29, 2012, at the United States District Courthouse, 320 Sixth Street, Sioux City, IA 51101. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Settlement Fairness Hearing, the Court will also consider the proposed Plan of Allocation for the proceeds of the Settlement, and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections mailed in accordance with the instructions in the answer to Question 11. The Court also will listen to people who seek to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. *See* Question 11 for more information about speaking at the hearing. The Court also will decide how much to pay to Lead Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

## GETTING MORE INFORMATION

**14.  Are there more details about the proposed Settlement?**

This Notice summarizes the proposed Settlement. More details are contained in the Stipulation dated January 5, 2012. You can get a copy of the Stipulation by writing to Lead Counsel at their address above.

You also can call the Claims Administrator toll-free at 1-866-274-4004; write to the Claims Administrator at *In re Meta Financial Group, Inc. Sec. Litigation*, c/o Strategic Claims Services at 600 N. Jackson Street, Suite 3, Media, PA, 19063; or visit the website at www.strategicclaims.net/metafinancialgroup, where you will find a Claim Form, answers to common questions about the Settlement, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**15.  How do I get more information?**

For more detailed information concerning the matters involved in this Action, you can inspect the pleadings, the Stipulation, the Orders entered by the Court, and the other papers filed in the Action at the Office of the Clerk of the United States District Courthouse, 320 Sixth Street, Sioux City, IA 51101, during regular business hours. You may also contact Lead Counsel.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

This Plan of Allocation has been prepared by Lead Plaintiff and Lead Counsel. Defendants do not agree with the characterization that any damages were suffered by any Class Members.

The $2,100,000 cash Settlement Fund, less all taxes and approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit acceptable Claim Forms ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss. The recognized loss formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The recognized loss formula is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the allegations in the Complaint that the alleged misrepresentations resulted in the artificial inflation of the prices of Meta Financial's publicly traded common stock during the Class Period from May 14, 2009 through October 18, 2010, inclusive. Defendants deny that they did anything wrong.

Each Authorized Claimant shall be paid based on the percentage of the Net Settlement Fund that each Authorized Claimant's recognized loss bears to the total of the recognized losses of all Authorized Claimants (the "Pro Rata Share")

Shares with recognizable losses are those shares of Meta Financial common stock purchased from May 14, 2009 through October 18, 2010, inclusive.

### Plan of Allocation

1.  Recognized losses are available for publicly traded shares of Meta Financial common stock purchased between May 14, 2009 and October 18, 2010, inclusive.

2.  If claims are received for all eligible shares, the average per-share benefit after deduction of court-awarded fees and expenses is estimated to be $1.93. A damaged share may have been traded more than once during the Class Period, and the indicated average recovery will be the total for all purchasers of that share.

3.  For shares purchased between May 14, 2009 and October 12, 2010, inclusive, and held on January 15, 2011, recognized loss per share is the lesser of:

    A.  $15.22.

    B.  The price paid less $14.71.

4.  For shares purchased between May 14, 2009 and October 12, 2010, inclusive, and sold between October 18, 2010 and January 14, 2011, inclusive, recognized loss per share is the lesser of:

    A.  $15.22

    B.  The price paid less $14.71.

    C.  The price paid less the price received.

5.  For shares purchased between May 14, 2009 and October 12, 2010, inclusive, and sold between October 13, 2010 and October 17, 2010, inclusive, recognized loss per share is the lesser of:

    A.  $10.98.

    B.  The price paid less $22.25.

    C.  The price paid less the price received.

6.  For shares purchased between October 13, 2010 and October 17, 2010, inclusive, and held on January 15, 2011, recognized loss per share is the lesser of:

    A.  $4.24.

    B.  The price paid less $14.71.

7.  For shares purchased between October 13, 2010 and October 17, 2010 and sold between October 18, 2010 and January 14, 2011, inclusive, recognized loss per share is the lesser of:

    A.  $4.24.

    B.  The price paid less $14.71.

    C.  The price paid less the price received.

8.  For shares purchased on October 18, 2010, the recognized loss per share is $0.00.

9.  In the event a Class Member has more than one purchase or sale of Meta Financial common stock, all purchases and sales shall be matched on a first in, first out (FIFO) basis. Class Period sales will be matched first against any Meta Financial shares held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of Meta Financial common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise, or operation of law of Meta Financial common stock during the Class Period shall not be deemed a purchase or sale of Meta Financial common stock for the calculation of an Authorized Claimant's recognized loss, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Meta Financial common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Meta Financial common stock.

10.  To the extent an Authorized Claimant had a gain from his, her, or its overall transactions in Meta Financial common stock during the Class Period, the value of the recognized loss will be zero. To the extent that a Claimant suffered an overall loss on his, her, or its overall transactions in Meta Financial common stock during the Class Period, but that loss was less than the recognized loss calculated above, then the recognized loss shall be limited to the amount of the actual loss. There shall be no recognized loss on short sales of Meta Financial common stock during the Class Period, however, any recognized gains with respect to short sales shall be offset against recognized losses on other transactions.

11.  The following defined terms shall be used to describe the process the Claims Administrator shall use to determine whether a Claimant had a gain or suffered a loss in overall transactions in Meta Financial common stock during the Class Period: the "Total Purchase Amount" is the total amount paid by the Claimant for all Meta Financial common stock purchased during the Class Period less commissions and fees; the "Sales Proceeds" means the amount received for sales of shares of Meta Financial common stock by the Claimant during the Class Period less commissions and fees; and "Holding Value" means the monetary value assigned to the shares of Meta Financial common stock purchased by the Claimant during the Class Period and still held by the Claimant at the end of the Class Period.

12.  The difference between the Total Purchase Amount and the sum of Sales Proceeds and Holding Value will be deemed a Claimant's gain or loss on his, her, or its overall transactions in Meta Financial common stock during the Class Period. Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized loss as compared to the total recognized losses of all Authorized Claimants. Class Members who do not submit acceptable Claim Forms will not share in the Settlement proceeds. Class Members who do not either submit a request for exclusion or submit an acceptable Claim Form will nevertheless be bound by the Settlement and the order and final judgment of the Court dismissing this Action.

13.  Distributions will be made to Authorized Claimants after all claims have been processed for those claims with *Pro Rata* Shares of $10.00 or more after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If after six months after such redistribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to a non-profit organization selected by Lead Plaintiff and approved by the Court.

14. Lead Plaintiff, Defendants, their respective counsel, and all other Related Parties shall have no responsibility for or liability whatsoever for the administration, investment or distribution or disbursement of the Settlement Fund, the Net Settlement Fund, or the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator; the Class Notice and Administration Fund; the administration of, distribution of, or disbursement from the Class Notice and Administration Fund; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you are a nominee for any Class Member, the Court has directed that WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each such person or organization or (b) request additional copies of this Notice and the Claim Form, which will be provided to you free of charge, and within ten days mail the Notice and Claim Form directly by first class mail to all such persons or organizations. If you choose to follow alternative procedure (b), the Court has directed that upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

In re Meta Financial Group, Inc. Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063
Phone: (866) 274-4004
Fax: (610) 565-7985

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

DATED: MARCH 22, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

———————————————————————— : X
                                                        :
                                                        :
                                                        :
IN RE META FINANCIAL GROUP, INC.            :        Case No. C 10-4108-MWB
SECURITIES LITIGATION                            :
                                                        :
                                                        :
———————————————————————— : X

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission: July 30, 2012**

If you purchased or otherwise acquired the publicly-traded common stock of Meta Financial Group, Inc. ("Meta Financial") (trading symbol NASDAQ:CASH) between May 14, 2009 and October 18, 2010, inclusive, you could get a payment from a class action Settlement.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN JULY 30, 2012 TO THE FOLLOWING ADDRESS:

In re Meta Financial Group, Inc. Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063
Phone: (866) 274-4004
Fax: (610) 565-7985

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JULY 30, 2012, WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1. I (we) purchased common stock in Meta Financial and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Meta Financial common stock during the designated Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement with all Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Meta Financial common stock during the Class Period, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Meta Financial common stock listed below in support of our claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Effective Date, as defined in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties", as defined in the Notice.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-274-4004 or visit their website at www.strategicclaims.net/metafinancialgroup to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I—CLAIMANT INFORMATION

Name

Address

City:                State:     Zip Code:

Foreign
Province and
Postal Code:               Foreign
Country:

Area Code   Telephone No. (Day)     Area Code   Telephone No. (Night)     Area Code   Facsimile Number

Email Address

Specify one of the following:

☐ Individual(s)  ☐ Corporation  ☐ UGMA Custodian  ☐ IRA  ☐ Partnership  ☐ Estate  ☐ Trust

☐ Other (specify)

Enter Taxpayer Identification Number below for the Beneficial Owner(s).

Social Security Number (for individuals)      OR      Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

## PART II—TRANSACTIONS IN COMMON STOCK OF META FINANCIAL

**Beginning Holdings:**

A. State the total number of shares of META FINANCIAL common stock owned at the close of trading on May 13, 2009, long or short (*must be documented*).

**Purchases:**

B. Separately list each and every publicly-traded purchase of META FINANCIAL common stock during the period from May 14, 2009 and January 15, 2011, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|   /  / | | $   . | $   . |
|   /  / | | $   . | $   . |
|   /  / | | $   . | $   . |
|   /  / | | $   . | $   . |
|   /  / | | $   . | $   . |

**Sales:**

C.  Separately list each and every sale of META FINANCIAL common stock during the period May 14, 2009 and January 15, 2011, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| ☐☐/☐☐/☐☐ | ☐☐☐☐☐ | $☐☐☐.☐ | $☐☐☐☐☐☐.☐ |
| ☐☐/☐☐/☐☐ | ☐☐☐☐☐ | $☐☐☐.☐ | $☐☐☐☐☐☐.☐ |
| ☐☐/☐☐/☐☐ | ☐☐☐☐☐ | $☐☐☐.☐ | $☐☐☐☐☐☐.☐ |
| ☐☐/☐☐/☐☐ | ☐☐☐☐☐ | $☐☐☐.☐ | $☐☐☐☐☐☐.☐ |
| ☐☐/☐☐/☐☐ | ☐☐☐☐☐ | $☐☐☐.☐ | $☐☐☐☐☐☐.☐ |

**Ending Holdings:**

D.  State the total number of shares of META FINANCIAL common stock owned at the close of trading on January 15, 2011, long or short (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

### Substitute Form W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

Social Security Number (for individuals)
☐☐☐ – ☐☐ – ☐☐☐☐

OR

Taxpayer Identification Number (for estates, trusts, corporations, etc.)
☐☐ – ☐☐☐☐☐☐☐

### Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
(See Item 2 on Page 11 for instructions)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN JULY 30, 2012, AND MUST BE MAILED TO:**

**In re Meta Financial Group, Inc. Securities Litigation**
**Claims Administrator**
**c/o Strategic Claims Services**
**600 N. Jackson Street, Suite 3**
**Media, PA 19063**
**Phone: (866) 274-4004**
**Fax: (610) 565-7985**

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by July 30, 2012, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

*IN RE META FINANCIAL GROUP, INC. SECURITIES LITIGATION*
Claims Administrator
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063

FIRST CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO. 138
PHILADELPHIA, PA

**PLEASE FORWARD**

# FIRST CLASS MAIL

### PLEASE FORWARD—IMPORTANT LEGAL NOTICE

### REMINDER CHECKLIST

- Please be sure to sign this Proof of Claim. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim or any supporting documents.

- If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# INVESTOR'S BUSINESS DAILY°

## **Affidavit of Publication**

Name of Publication:   Investor's Business Daily
Address:               12655 Beatrice Street
City, State, Zip:      Los Angeles, CA 90066
Phone #:               310.448.6737
State of:              California
County of:             Los Angeles

     I, Robert DeLangre, for the publisher of  **Investor's Business Daily** , published
in the city of <u>Los Angeles</u>, state of <u>California</u> , county of <u>Los Angeles</u> hereby certify
that the attached notice(s): Case No. C-10 4108-MWB was printed in said publication
on the following date(s): **March 27th, 2012**

State of California
County of <u>Los Angeles</u>

Subscribed and sworn to (or affirmed) before me on  the 27th day of March, 2012, by
_____, proved to me on the basis of satisfactory
evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



RICHARD C. BRAND II
Commission # 1923876
Notary Public - California
Los Angeles County
My Comm. Expires Feb 25, 2015

**ETF abbreviations:** Bldrs=Builders; Brcly=Barclays; DB=Deutsche Bank; DX=DireXion; FrstTr=First Trust; GX=Global X; GH=Guggenheim; HT=Holdrs Trust; IP=iPath; IS=iShares; MV=Market Vectors; Nuveen; ProS=ProShares; PS=PowerShares; RX=Rydex; VG=Vanguard; VS=VelocityShares; WT=WisdomTree

| 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | R S | % Yld |
|---|---|---|---|---|---|---|---|
| 28.0 | ExtraSpc | EXR | 28.47 | 0.59 | 4 2.8 | | |
| 98.5 | FederlRlty | FRT | 97.38 | 0.98 | -36 2.8 | | |
| 6.8 | FelCor | FCH | 3.76 | 0.13 | -67 | ... | |
| 12.9 | First Industrl | FR | 12.11 | 0.25 | -31 | ... | |
| 14.3 | FrstrPrp | FSP | 10.86 | 0.16 | -32 7.0 | | |
| 15.3 | FstPotmc | FPO | 12.53 | 0.07 | -16 6.4 | | |
| 26.5 | GettyRlty | GTY | 14.91 | 0.27 | 85 6.7 | | |
| 19.4 | Gladstn | GOOD | 17.95 | 0.10 | -40 8.4 | | |
| 10.5 | GlimchRlty | GRT | 10.15 | 0.08 | 19 3.9 | | |
| 4.8 | Gramercy | GKK | 2.70 | 0.02 | -63 | ... | |
| 110.0 | Gyrody Am | GYRO | 101.90 | -0.53 | 35 | ... | |
| 29.4 | HatterasF n | HTS | 28.04 | 0.20 | 77 12.8 | | |
| 42.8 | HCP | HCP | 39.69 | 0.16 | -28 5.0 | | |
| 57.7 | HealthCrR | HCN | 54.44 | 0.36 | -48 5.4 | | |
| 23.5 | HealthRty | HR | 21.70 | -0.04 | -31 5.5 | | |
| 6.2 | Hersha Hosp | HT | 5.45 | 0.14 | 13 4.4 | | |
| 37.5 | HighwdPrp | HIW | 32.81 | 0.24 | 11 5.2 | | |
| 5.2 | HMG | HMG | 4.04 | -0.26 | 50 | ... | |
| 67.3 | HomePptys | HME | 59.52 | 0.91 | -27 4.4 | | |
| 26.2 | Hosp Prop Tr | HPT | 26.05 | 0.51 | 13 6.9 | | |
| 18.3 | HostHtls | HST | 16.67 | 0.47 | 5 1.4 | | |
| 10.0 | IncomeOpRe | IOT | 1.43 | 0.00 | -100 | ... | |
| 33.0 | InlandRE | IRC | 8.86 | 0.10 | -38 6.4 | | |
| 2.7 | InnSuites | IHT | 2.26 | 0.00 | -100 0.4 | | |
| 21.3 | InvMtgC | IVR | 17.77 | 0.27 | -23 14.6 | | |
| 9.8 | InvtRlEst | IRET | 7.74 | 0.17 | 8 6.7 | | |
| 9.7 | iStarFinl | SFI | 7.57 | 0.12 | -53 | ... | |
| 46.3 | Kilroy Rlty | KRC | 46.38 | 0.31 | -47 3.0 | | |
| 20.3 | Kimco Rlty | KIM | 19.44 | 0.24 | -28 3.9 | | |
| 5.6 | KiteRealty | KRG | 5.36 | 0.13 | 7 4.5 | | |
| 10.3 | KKRFincl | KFN | 9.28 | 0.03 | -79 7.8 | | |
| 29.4 | LaSalleHtl | LHO | 28.86 | 0.51 | 38 1.5 | | |
| 11.0 | LexRltyTr | LXP | 9.12 | 0.31 | 0 5.5 | | |
| 36.1 | Liberty Prpty | LRY | 34.97 | 0.67 | -10 5.4 | | |
| 32.9 | LTC Ppty Inc | LTC | 31.18 | 0.32 | -1 5.6 | | |
| 57.0 | Macerich | MAC | 56.41 | 0.78 | -28 3.4 | | |
| 36.0 | MackCali Rlt | CLI | 28.53 | 0.19 | -60 6.3 | | |
| 12.7 | MedclProp | MPW | 9.64 | 0.03 | 59 8.3 | | |
| 8.3 | MFA Fncl | MFA | 7.56 | 0.12 | 6 12.7 | | |
| 3.1 | MlliHosp | MDH | 2.92 | 0.00 | 7 | ... | |
| 73.4 | Mid Am Apt | MAA | 65.53 | 1.00 | -52 4.0 | | |
| 10.4 | MissWst | MSW | 9.89 | 0.02 | -38 5.3 | | |
| 3.8 | MPG OffTr | MPG | 2.56 | -0.03 | -13 | ... | |
| 9.7 | MRIT | MNR | 9.80 | 0.23 | 72 6.1 | | |
| 27.8 | NatRetPro | NNN | 27.33 | 0.44 | -2 5.6 | | |
| 6.8 | Newcstle | NCT | 6.56 | 0.01 | -1 12.2 | | |
| 5.9 | NStarRlty | NRF | 5.36 | 0.04 | -37 10.1 | | |
| 51.3 | Ntl Hlth Inv | NHI | 49.52 | 0.50 | 54 5.3 | | |
| 8.0 | NYMgT | NYMT | 7.04 | 0.04 | 72 14.2 | | |
| 24.5 | OmegaHlth | OHI | 21.37 | 0.18 | -7 7.7 | | |
| 19.4 | OneLibertyPr | OLP | 18.69 | 0.20 | 2 7.1 | | |
| 2.5 | PeoOffPT | PCE | 0.33 | -0.07 | 981 | ... | |
| 23.8 | Pebblebk | PEB | 23.20 | 0.26 | -1 2.1 | | |
| 17.3 | Penn REIT | PEI | 15.35 | 0.23 | -20 3.9 | | |
| 19.2 | PennyM | PMT | 18.71 | 0.17 | -25 11.8 | | |
| 21.3 | PiedmOfc | PDM | 17.81 | 0.13 | 6 4.5 | | |

| R S | Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| | | 56 | PlumCrkTim | PCL | 45.51 | 0.31 | -29 4.0 | |
| | | 72 | PMC Cmrcl | PCC | 8.65 | -0.02 | 44 7.4 | |
| | | 1.6 | Post Pptys | PPS | 46.04 | 0.91 | 11 1.9 | |
| | | 18 | Potlatch | PCH | 31.59 | 0.24 | -38 3.9 | |
| | | 5.4 | PowerReit | PW | 9.41 | -0.12 | -63 4.3 | |
| | | 9.8 | PrimaryProp | PKY | 10.49 | 0.29 | -57 2.9 | |
| | | 37.5 | Prologis | PLD | 35.71 | 0.51 | -25 3.1 | |
| | | 65.3 | PS BusPk | PSB | 64.63 | 0.68 | -10 2.7 | |
| | | 141.5 | PublicStg | PSA | 137.89 | 0.82 | 0 3.2 | |
| | | 8.1 | RaitFin | RAS | 5.23 | -0.02 | -20 6.1 | |
| | | 23.2 | RamcoGers | RPT | 12.23 | 0.14 | 141 5.3 | |
| | | 47.6 | Rayonier | RYN | 44.47 | -0.21 | -8 3.6 | |
| | | 18 | Realtylncm | O | 38.49 | 0.34 | -13 4.5 | |
| | | 16.0 | Redwood Tr | RWT | 11.41 | 0.05 | -36 6.3 | |
| | | 47.9 | RegencyCtrs | REG | 44.54 | 0.29 | -41 4.2 | |
| | | 6.9 | ReseCap | RSO | 5.79 | -0.02 | 62 13.8 | |

| R S | Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| | | 12.2 | RetailOpp | ROIC | 12.01 | -0.07 | -18 4.0 | |
| | | 19.1 | RLJ Lodging | RLJ | 18.54 | 0.41 | -50 3.6 | |
| | | 2.4 | Roberts Rlty | RPI | 1.47 | 0.10 | -69 | ... | |
| | | 10.9 | RousePrprts | RSE | 14.19 | 0.09 | 61 | ... | |
| | | 44.8 | Saul Centers | BFS | 40.07 | 0.22 | -36 3.6 | |
| | | 18.4 | SbhlthReit | SBRA | 16.32 | 0.24 | -41 8.1 | |
| | | 22.5 | SelctIncmReit | SIR | 22.56 | 0.26 | -71 | ... | |
| | | 144.9 | SimonProp | SPG | 144.54 | 0.92 | -4 2.6 | |
| | | 90.0 | SLGreenRlty | SLG | 77.53 | 0.99 | -15 1.3 | |
| | | 24.6 | SnrHouse | SNH | 22.02 | 0.09 | -31 6.9 | |
| | | 49.9 | SovranSlfSt | SSS | 49.82 | -0.89 | 8 3.6 | |
| | | 8.2 | StratHtls | BEE | 6.68 | 0.13 | -5 | ... | |
| | | 43.9 | Sun Cmnts | SUI | 43.24 | 0.31 | -42 5.8 | |
| | | 10.0 | SunstnHtl | SHO | 9.82 | 0.14 | -40 | ... | |
| | | 1.8 | SuperHosp | SPPR | 0.96 | -0.09 | 11 | ... | |
| | | 30.0 | TangerFact | SKT | 29.83 | 0.34 | -54 2.7 | |

| R S | Dis | 52-Wk High | Stock | Symbol | Closing Price | Chg | Vol% Chg | % Yld |
|---|---|---|---|---|---|---|---|---|
| | | 72.7 | Taubman Ctr | TCO | 72.37 | 0.57 | -16 2.6 | |
| | | 10.6 | TwoHrbInv | TWO | 10.17 | -0.02 | -20 15.7 | |
| | | 27.3 | UDR INC | UDR | 25.73 | 0.12 | -6 3.4 | |
| | | 11.5 | UMHPrp | UMH | 10.73 | 0.49 | 356 6.7 | |
| | | 40.0 | UnivrslhR | UHT | 38.94 | 0.23 | 9 6.3 | |
| | | 20.1 | UrstdBdl | UBP | 18.42 | 0.07 | 1 4.9 | |
| | | 6.3 | UrstdBdlA | USA | 16.94 | 0.42 | -24 5.0 | |
| | | 59.0 | Ventas | VTR | 56.74 | 0.54 | -24 4.4 | |
| | | 1.9 | VestNMRl | VRTB | 1.39 | -0.06 | -52 | ... | |
| | | 1.5 | VestInRMl | VRTA | 1.24 | 0.04 | -94 | ... | |
| | | 17.4 | yJonGthP | GGP | 16.80 | 0.17 | -36 2.4 | |
| | | 98.6 | VorndRlty | VNO | 84.13 | 0.70 | -9 3.3 | |
| | | 23.0 | WalterInMgt | WAC | 23.41 | 0.34 | -45 | ... | |
| | | 34.5 | Wash REIT | WRE | 25.96 | 0.16 | -15 5.9 | |
| | | 26.1 | WelngtnlR | WRI | 26.16 | 0.27 | -31 4.4 | |
| | | 14.9 | WhtstnREITB | WSR | 13.36 | 0.43 | 18 8.5 | |
| | | 1.5 | WinthropP | FUR | 11.41 | 0.24 | 14 5.7 | |

# The National Business Marketplace

## INFORM THE PUBLIC WITH LEGAL NOTICES

*The National Business Marketplace*

**1-800-423-5515**

### Notice

"If you require additional information on any of the above companies, please contact your local Chamber of Commerce or Better Business Bureau in your area."

### Place ad by phone

**800-423-5515**

**Deadline:** 12:00pm (PST)
3 weekdays before publication.
All sales are final.

Call today to find out about our affordable advertising opportunities in the *National Business Marketplace* and *Premier Properties & Resorts* sections. Get results by advertising nationwide to our upscale audience of professionals.

All copy must be approved by the newspaper, which reserves the right to cancel any ad at any time.

## LEGAL NOTICES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

IN RE META FINANCIAL GROUP, INC. SECURITIES LITIGATION   Case No. C 10-4108-MWB

**SUMMARY NOTICE**

TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY-TRADED COMMON STOCK OF META FINANCIAL GROUP, INC. ("META FINANCIAL") (TRADING SYMBOL NASDAQ:CASH) BETWEEN MAY 14, 2009, AND OCTOBER 18, 2010, INCLUSIVE:

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Iowa, Western Division, that a hearing will be held on June 29, 2012 at 9:00 a.m. (CST), before the Honorable Mark W. Bennett at the United States Courthouse, 320 Sixth Street, Sioux City, IA 51101, for the purpose of determining: (1) whether the proposed Class[1] can be certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23; (2) whether the proposed Settlement for the sum of $2,100,000 in cash should be approved by the Court as fair, reasonable and adequate; (3) whether, after the hearing, this Action should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement, dated as of January 5, 2012; (4) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; (5) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Action should be approved; and (6) whether the reimbursement to Lead Plaintiff for reasonable time, costs and expenses incurred related to representation of the Class should be approved.

If you purchased or otherwise acquired the publicly-traded common stock of Meta Financial Group, Inc. ("Meta Financial") (trading symbol NASDAQ:CASH) between May 14, 2009 and October 18, 2010, inclusive, your rights may be affected by the Settlement of this Action. If you have not received a detailed Notice of Pendency of Class Action and Proposed Settlement with all Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and a copy of the Proof of Claim ("Claim Form"), you should obtain copies by writing to In re Meta Financial Group, Inc. Securities Litigation, c/o Strategic Claims Services at 600 N. Jackson Street, Suite 3, Media, PA 19063 or by visiting the website of the Claims Administrator at www.strategicclaims.net/metafinancialgroup. The Notice contains details about this Action and Settlement, including what you must do to exclude yourself from this Settlement, object to the terms of the Settlement, or file a Claim Form. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked no later than July 30, 2012, establishing that you are entitled to recovery.

If you desire to be excluded from this Class, you must submit a Request for Exclusion postmarked by June 1, 2012, in the manner and form explained in the detailed Notice referred to above. All Class Members who have not timely and validly requested exclusion from the Class will be bound by any judgment entered in the Action pursuant to the terms and conditions of the Stipulation. Your objection must be postmarked on or before June 1, 2012 and mailed to the Court, Kahn Swick & Foti, LLC, Lead Counsel for Lead Plaintiff and the Class, and Counsel for the Defendants at the following addresses:

| COURT: | FOR LEAD PLAINTIFF: | FOR DEFENDANTS: |
|---|---|---|
| Clerk of Court | Lewis S. Kahn | Carl Volkin |
| United States | KAHN SWICK & FOTI, LLC | KATTEN MUCHIN ROSENMAN LLP |
| Courthouse | 206 Covington Street | 525 West Monroe Street |
| 320 Sixth Street | Madisonville, Louisiana 70447 | Chicago IL 60661-3693 |
| Sioux City, IA 51101 | *Lead Counsel for Lead Plaintiff and the Class* | *Counsel for Defendants* |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel for Lead Plaintiffs and the Class at the address listed above.

DATED: MARCH 27, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF IOWA

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the stipulation of Settlement, dated January 5, 2012.

**Josephine Bravata**

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Tuesday, March 27, 2012 8:01 AM |
| **To:** | jcecala@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Clear Time Confirmation for Kahn Swick & Foti, LLC . ID#648348-1-1 |
| **Flag Status:** | Red |

## PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Kahn Swick & Foti, LLC Announces Proposed Class Action Settlement on Behalf of Purchasers of Publicly-Traded Common Stock of Meta Financial Group, Inc. -- CASH
Word Count: 735
Product Summary:
US1
ReleaseWatch
Complimentary Press Release Optimization
PR Newswire's Editorial Order Number: 648348-1-1

Release clear time: 27-Mar-2012 08:00:29 AM

* Clear time represents the time your news release was distributed to the newswire distribution you selected.

Thank you for choosing PR Newswire!

*****************************************************************
Engage opportunity everywhere it exists. Learn how content is currency in today's communications landscape. Download our FREE white papers:
http://promotions.prnewswire.com/Clear-Time-Confirmation-Email-WP.html


For more information on how PR Newswire can help support your communications initiatives, please visit:
http://www.prnewswire.com/products-services/

To contact PR Newswire directly, please call 888-776-0942 or e-mail information@prnewswire.com.



See more news releases in: Banking & Financial Services, Legal Issues

## Kahn Swick & Foti, LLC Announces Proposed Class Action Settlement on Behalf of Purchasers of Publicly-Traded Common Stock of Meta Financial Group, Inc. -- CASH

   

SIOUX CITY, Iowa, March 27, 2012 /PRNewswire/ -- Kahn Swick & Foti, LLC announces that the United States District Court Northern District of Iowa approved the following announcement of a proposed class action settlement that would benefit purchasers of publicly-traded common stock of Meta Financial Group, Inc. (NASDAQ: CASH).

TO:    ALL PERSONS and entities WHO purchased or otherwise acquired the publicly-traded COMMON STOCK OF META FINANCIAL GROUP, INC. ("META FINANCIAL") (trading symbol nasdaq:CASH) between MAY 14, 2009, and OCTOBER 18, 2010, INCLUSIVE:

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Iowa, Western Division, that a hearing will be held on June 29, 2012 at 9:00 a.m. (CST), before the Honorable Mark W. Bennett at the United States Courthouse, 320 Sixth Street, Sioux City, IA 51101, for the purpose of determining: (1) whether the proposed Class[1] can be certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23; (2) whether the proposed Settlement for the sum of $2,100,000 in cash should be approved by the Court as fair, reasonable and adequate; (3) whether, after the hearing, this Action should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of January 5, 2012; (4) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; (5) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Action should be approved; and (6) whether the reimbursement to Lead Plaintiff for reasonable time, costs and expenses incurred related to representation of the Class should be approved.

If you purchased or otherwise acquired the publicly-traded common stock of Meta Financial Group, Inc. ("Meta Financial") (trading symbol NASDAQ: CASH) between May 14, 2009 and October 18, 2010, inclusive, your rights may be affected by the Settlement of this Action. If you have not received a detailed Notice of Pendency of Class Action and Proposed Settlement with all Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and a copy of the Proof of Claim ("Claim Form"), you should obtain copies by writing to In re Meta Financial Group, Inc. Securities Litigation, c/o Strategic Claims Services at 600 N. Jackson Street, Suite 3, Media, PA 19063 or by visiting the website of the Claims Administrator at www.strategicclaims.net/metafinancialgroup. The Notice contains details about this Action and Settlement, including what you must do to exclude yourself from the Settlement, object to the terms of the Settlement, or file a Claim Form. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked no later than July 30, 2012, establishing that you are entitled to recovery.

If you desire to be excluded from the Class, you must submit a Request for Exclusion postmarked by June 1, 2012, in the manner and form explained in the detailed Notice referred to above. All Class Members who have not timely and validly requested exclusion from the Class will be bound by any judgment entered in the Action pursuant to the terms and conditions of the Stipulation. Your objection must be postmarked on or before June 1, 2012 and mailed to the Court; Kahn Swick & Foti, LLC, Lead Counsel for Lead Plaintiff and the Class; and Counsel for the Defendants at the following addresses:

**COURT:**

Clerk of Court
United States Courthouse
320 Sixth Street
Sioux City, IA 51101

**FOR LEAD PLAINTIFF:**

Lewis S. Kahn
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447

*Lead Counsel for Lead Plaintiff and the Class*

**FOR DEFENDANTS:**

Carl Volz
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago IL 60661-3693

*Counsel for Defendants*

**Featured Video**



The Levo League Launches Professional Network to Elevate Gen Y Women

Print     Email     RSS

Share it ⌄

Blog it ⌄

Blog Search ⇄

**More in These Categories**

**Banking & Financial Services**

Terrell Place Awarded LEED® Platinum Certification

Recession-Proof Commercial Property up for Grabs in Atlanta's Technology/Healthcare Hub

The Conference Board Consumer Confidence Index® Decreases

**Legal Issues**

**Most Read**

**Most Emailed**

**Journalists and Bloggers**



Visit **PR Newswire for Journalists** for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on **The Digital Center**.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel for Lead Plaintiffs and the Class at the address listed above.

DATED: MARCH 27, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the stipulation of Settlement, dated January 6, 2012.

SOURCE Kahn Swick & Foti, LLC

Back to top
RELATED LINKS
http://www.strategicclaims.net/metafinancialgroup

Send a release
Member sign in
Become a member
For journalists
For bloggers
Global sites

Products & Services          Knowledge Center          Browse News Releases          Contact PR Newswire

f Like     🐦 Tweet     in Share          Next in Banking & Financial Services News

**Search Free Investing Newsletter from Investor Uprising**

○ PR Newswire ○ from Investor Uprising

Learn to navigate the world's financial system and profit from leading companies.

Register for **Investor Uprising**, the people's investment site, for a free weekly newsletter, information, education and premium research including our latest IU Confidential Report - **"All The Glitters: The Ultimate Gold Report"**.

**Custom Packages**

Browse our custom packages or build your own to meet your unique communications needs.

Start today.

**PR Newswire Membership**

Fill out a PR Newswire membership form or contact us at (888) 776-0942.

**Learn about PR Newswire services**

Request more information about PR Newswire products and services or call us at (888) 776-0942.

**Site Preview**     ✕ **Close Site Preview**     ▭ **View FullScreen**

About PR Newswire | Contact PR Newswire | PR Newswire's Terms of Use Apply | Careers | Privacy | Site Map | RSS Feeds | Blog |
Copyright © 2012 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.
Dynamic Site Platform powered by Limelight Networks.

211 Second Street #1606
Rochester, MN 55901

March 28, 2012

In re Meta Financial Group, Inc. Securities Litigation
600 N. Jackson Street, Suite 3
Media, PA 19063

Dear In Re Meta Financial Group, Inc. Securities Litigation:

I did not purchase or acquire additional common stock from the Meta Financial
Group, Inc. trading symbol NASDAQ:CASH between  May 14, 2009 and October 18,
2010.  Therefore please exclude me from the class action law suit.

Thank you.

Sincerely,

Irene June McKenney