### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| In re META FINANCIAL GROUP, INC., SECURITIES LITIGATION | No. C 10-4108-MWB<br><br>**ORDER AND FINAL JUDGMENT** |

_____

This case is before me on the Lead Plaintiff's May 22, 2012, Motion For Final Approval Of Class Action Settlement, Plan Of Allocation, And Application For Award Of Attorney's Fees And Reimbursement Of Expenses (docket no. 54). The motion seeks approval of the Settlement, on behalf of the proposed class, set forth in the Stipulation And Agreement Of Settlement dated January 5, 2012, attached to the Lead Plaintiff's January 5, 2012, Unopposed Motion For Preliminary Approval Of Class Action Settlement And Notice To The Class (docket no. 48). Pursuant to a March 8, 2012, Order Preliminarily Approving Settlement And Providing Notice Of Pendency (docket no. 51), the parties have provided due and adequate notice of the Settlement, and I held a "fairness hearing" on the Settlement on June 29, 2012.

Having considered the record and all arguments and information provided in the proceedings in this case, I find good cause to approve the Settlement. Indeed, I find that this action has been a model of how complex class actions should be conducted. Counsel for the Lead Plaintiff, Kim Miller, and her firm, Kahn Swick & Foti, L.L.C., and the Defendant, Carl Volz, and his firm, Dechert, L.L.P., showed the utmost professionalism and civility, required very limited court intervention while diligently pursuing their objectives, and sought and obtained a fair and reasonable settlement before incurring substantial costs for discovery and trial preparation, all to the benefit

of the Lead Plaintiff, Class Members, and the Defendants. For a host of reasons, I wish more class action securities fraud cases would go to trial. Only 29 such cases have gone to trial since the passage of the PSLRA in 1995 (and 6 of these settled with at least one defendant during trial), despite more than 3,800 securities class action filings. Learned lead counsel for both sides in this case quickly recognized, for a variety of reasons that only such highly skilled and experienced counsel could fully appreciate, that this case should not be number 30. I applaud their skill, expertise, zealousness, judgment, civility, and professionalism in putting the best interests of their respective clients first and not only foremost, but exclusively ahead of their law firms' financial interests. Ms. Miller and Mr. Volz and their respective law firms earned my unyielding admiration and respect in this case for the efficient and exceptionally reasonable way in which they found a prompt, fair, and equitable solution to the complex problems their clients faced in this litigation, and they accomplished all of this with virtually no judicial intervention. In sum, my only deeply held regret in this case is that bioscience has not sufficiently advanced to allow the cloning of Ms. Miller and Mr. Volz for lead counsel roles in all complex civil class action litigation in the Northern District of Iowa.

      THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED, as follows:

      1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

      2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

      3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff is certified as the class representative and

Lead Plaintiff's selection of Kahn Swick & Foti, L.L.C., as Lead Counsel for the Class is approved.

      4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiff, the Class, and each of the Class Members. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members, and the Defendants. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

      5.      Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice as against each and all of the Released Parties, including all Defendants. Lead Plaintiff and the Class will not make applications against any Released Party, and Defendants will not make applications against Lead Plaintiff or the Class, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

      6.      Upon the Effective Date, the Lead Plaintiff and each of the Class Members, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees, officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors, and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released,

relinquished, and discharged all Settled Claims (including Unknown Claims) as against the Released Parties, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

7. Upon the Effective Date, all Class Members (including Lead Plaintiff) and anyone claiming through or on behalf of any of them, except any Person who has validly and timely requested exclusion from the Class, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Settled Claims against any of the Released Parties.

8. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, each and all of the Class Members, any Confidential Witness, any individual contacted by Lead Counsel in the course of their investigation, and Lead Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims, except for those claims brought to enforce the Settlement.

9. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Publication Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances—including individual notice to all Class Members who could be identified through reasonable effort—of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of

Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

10. Neither the Plan of Allocation submitted by Lead Counsel nor any portion of this order regarding the attorneys' fee and expense application and the Lead Plaintiff's expense application shall in any way disturb or affect the finality of this Judgment.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Settled Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Released Party; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Party in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body.  Any Released Party may file the Stipulation and/or the Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Judgment.

13. After completion of the processing of all claims by the claims administrator, Lead Plaintiff shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

14. The Court finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 33-1/3% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $55,000; and (b) that Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of $700,000.00, or 33-1/3% percent of the Settlement Fund, plus reimbursement of expenses in the amount of $51,615.20, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation, not less than 35 days after entry of this Order.

16. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of

the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

17. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members, advising them that Lead Plaintiff would seek reimbursement of time and expenses. A full and fair opportunity was given to Class Members to be heard with respect to Lead Plaintiff's application for the reimbursement of time and expenses. The Court finds and concludes that the requested reimbursement for time and expenses is reasonable and awards $10,000 to the Lead Plaintiff, Eden Partnership, in reimbursement for the time spent and expenses incurred fulfilling its role as Lead Plaintiff.

18. This Action is hereby dismissed in its entirety with prejudice as to all Defendants.

19. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

20. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

**DATED** this 29th day of June, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA